**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2005[*]
Decided May 20, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 04-3296

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 CR 778-2 |
| ROBERT PERRY, *Defendant-Appellant.* | Samuel Der-Yeghiayan, *Judge.* |

**O R D E R**

Robert Perry pleaded guilty to robbery affecting interstate commerce and two counts of bank robbery and was sentenced to 180 months' imprisonment, five years' supervised release, restitution of $25,880, and a special assessment of $300. At sentencing, the district court adopted the guidelines calculations set forth in the presentence report, which included the determination that Perry was a career offender within the meaning of U.S.S.G. § 4B1.1. The court also declared, however, that it would impose the same sentence "in the alternative if the Supreme Court or Seventh Circuit Court of Appeals eventually decides that there are no guidelines." As a term of Perry's supervised release, he was required to participate in a drug

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

aftercare program that would include "urine testing at the discretion of the probation officer."

On appeal Perry first argues that his sentence violates the Sixth Amendment because it was enhanced based on prior convictions that were neither charged in the indictment nor proven beyond a reasonable doubt to a jury. Because Perry objected in the district court to being sentenced as a career offender, citing *Blakely v. Washington*, 124 S. Ct. 2531 (2004), we review his sentence for harmless error, *United States v. Schlifer*, 403 F.3d 849, 854 (7th Cir. 2005). It is true that the Sixth Amendment is generally implicated when a defendant's sentence is enhanced beyond a "statutory" maximum based on factual determinations not admitted by the defendant or proven to a jury beyond a reasonable doubt. *See United States v. Booker*, 125 S. Ct. 738, 756 (2005). But the fact of a defendant's prior conviction has been held to fall outside the requirement that facts be proven to a jury, *see Almendarez-Torres v. United States*, 523 U.S. 224, 246 (1998), and *Booker* did not disturb this exception, *see United States v. Ngo*, — F.3d —, 2005 WL 1023034, at *2 (7th Cir. May 3, 2005). Although the Supreme Court has recently recognized that a district court may exceed the scope of the prior-convictions exception by finding facts that are "too far removed from the conclusive significance of a prior judicial record . . . to say that *Almendarez-Torres* clearly authorizes a judge to resolve the dispute," *Shepard v. United States*, No. 03-9168, 2005 WL 516494 at *8 (U.S. March 7, 2005), Perry does not argue that the district court did so here. *Cf. Ngo*, 2005 WL 1023034, at *4 (district court went beyond fact of defendant's prior convictions to additionally conclude that convictions were not part of a common scheme or plan). He merely claims that the fact of his prior convictions for armed robbery and aggravated battery should have been proven to a jury, and this is the argument that *Almendarez-Torres* forecloses.

Even though the Sixth Amendment was not violated, however, the district court erred if it considered itself bound by the sentencing ranges provided by the guidelines. *Schlifer*, 403 F.3d at 853. But in this case any error was clearly harmless because the district court stated at sentencing that it would impose the same sentence in the absence of the guidelines. This alternative sentence reflects that the district court did not consider itself bound by the guidelines, and we do not believe it could be viewed as unreasonable under any standard of review.

Perry next argues that the district court erred when it ordered him to submit to urine tests as a condition of his supervised release without specifying a particular number or range of tests. Perry is correct that it is the court and not the probation officer who must determine the number of drug tests to which he must submit. 18 U.S.C. § 3583(d); *United States v. Bonanno*, 146 F.3d 502, 510-11 (7th Cir. 1998); *United States v. Vega*, 298 F.3d 149, 154 (1st Cir. 2005). Although Perry never objected in the district court to the drug test requirement (thus

rendering our review only for plain error), an inappropriate delegation of judicial authority to the probation department may constitute plain error.  *United States v. Mohammad*, 53 F.3d 1426, 1438 (7th Cir. 1995); *Vega*, 298 F.3d at 154.  And regardless, the government has conceded that the district court plainly erred in imposing this condition.  Therefore a remand is necessary for the district court to clarify the testing requirements to which Perry will be subject.

Accordingly, we REMAND in order that the judge may determine the specific number of drug tests that Perry will be subject to while on supervised release.  On all other issues, we AFFIRM.