**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 17, 2006[*]
Decided February 21, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2273

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>CLIFTON FLOWERS,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 04-CR-700-1<br><br>James B. Zagel,<br>*Judge.* |

### O R D E R

Clifton Flowers pleaded guilty to being in the United States without permission after he was removed following conviction for an aggravated felony. *See* 8 U.S.C. § 1326(a).  He was sentenced to 84 months' imprisonment and three years' supervised release.  Flowers now appeals his sentence, arguing only that the district court erred when it ordered him to submit to urine tests as a condition of his

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

supervised release without specifying a maximum number of tests. Flowers correctly recognizes that the court, not the probation officer, must determine the required number of tests. 18 U.S.C. § 3583(d); *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998). However Flowers never objected to the drug-testing condition in the district court, so our review is for plain error. Fed. R. Crim. P. 52(b); *United States v. Guy*, 174 F.3d 859, 861 (7th Cir. 1999). The government concedes that delegation of judicial authority to a probation officer may constitute plain error, *see United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir. 1999), and joins Flowers in urging that this case be remanded. But because one component of plain error is a manifestly unjust outcome, *see United States v. Olano*, 507 U.S. 725, 732 (1993), Flowers cannot establish that the error here was plain. Flowers will be removed from the United States by the Department of Homeland Security when he completes his term of imprisonment, thus effectively ending his supervision and its required drug testing. Therefore no injustice has occurred.

AFFIRMED.