UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 30, 2006
Decided June 6, 2006

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 05-2190 & 05-2418

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United |
| *Plaintiff-Appellee*, | States District Court for the |
| | Western District of Wisconsin. |
| *v.* | |
| | No. 04-CR-107-S |
| BRYAN K. SAM, SR. and | |
| JENNIFER L. LAMORIE, | John C. Shabaz, |
| *Defendants-Appellants.* | *Judge.* |

**O R D E R**

Defendant Bryan Sam, Sr. was charged with conspiring to distribute and possess cocaine powder and cocaine base. He pleaded guilty to certain charges and was sentenced to 210 months' imprisonment and five years of supervised release, which included the condition that Sam "participate in substance abuse treatment and testing as directed by the supervising United States probation officer."

Defendant Jennifer Lamorie, Sam's girlfriend, was charged in a single count with distributing approximately 1/10th of a gram of cocaine base to a confidential

police source. Lamorie's presentencing report (PSR), however, attributed her with relevant conduct pertaining to the distribution of 84 grams of cocaine. Specifically, based upon information obtained from several sources, the PSR identified Lamorie as having been extensively involved with Sam's cocaine operation. Her participation included traveling on at least six trips with Sam to Minnesota to obtain cocaine, transporting large amounts of cash for Sam, and frequently answering the door to cocaine customers and handing them cocaine. In addition, Sam's sister testified that Lamorie observed Sam cooking the cocaine in their apartment.

Lamorie pleaded guilty to the charged conduct, but objected to the large ratio (approximately 800-to-1) between the amount of cocaine listed as "relevant conduct" (84 grams) and amount charged (.106 grams). The district court nonetheless considered the relevant conduct and sentenced Lamorie to 108 months' imprisonment. Sam and Lamorie now appeal their sentences.

The disposition of Sam's appeal is straightforward. 18 U.S.C. § 3583(d) requires that the district court determine the number of drug tests to which a defendant must submit while on supervised release. This responsibility remains with the district court and it cannot be delegated. *See United States v. Melendez-Santana*, 353 F.3d 93, 102-103 (7th Cir. 1998). The government concedes that the district court's delegation to the probation officer on this issue was improper. We therefore remand to the district court the limited issue of determining how many drug tests Sam must take while on supervised release.

Lamorie contends that the district court erred in relying upon the relevant conduct amount of 84 grams for sentencing purposes. Lamorie's counsel assured us at oral argument that Lamorie is not challenging the district court's underlying factual determination that she was involved with the distribution of at least this amount of cocaine. Instead, Lamorie's sole argument is that the approximate 800-to-1 ratio of unconvicted relevant conduct to convicted conduct is *per se* unreasonable.

Lamorie principally relies on our decision in *United States v. Spiller* to support her argument that a sentence based upon an 800-to-1 ratio is unreasonable. *See United States v. Spiller*, 261 F.3d 683, 691 (7th Cir. 2001). *Spiller* provides little direct support for Lamorie. In *Spiller*, we upheld a sentence that was based on a 5000-to-1 ratio of relevant to charged conduct, which was a significantly greater disparity than the one Lamorie complains of here. *See id.* Nonetheless, the concerns that Lamorie raises, and which we discussed in *Spiller*, have troubled us before, and we have repeatedly admonished prosecutors "not to indict defendants on relatively minor offenses and then seek enhanced sentences later by asserting that the defendant has committed other more serious crimes for which, for whatever reason, the defendant was not prosecuted and has not been convicted." *United States v. Fischer*, 905 F.2d 140, 142 (7th Cir.1990) (per curiam)*; see also United States v. Morrison*, 207 F.3d 962, 968 (7th Cir. 2000); *United States v. Bacallao*, 149 F.3d 717, 721 (7th Cir. 1998); *United*

*States v. Duarte*, 950 F.2d 1255, 1263 (7th Cir. 1991). Indeed, we have expressed long-standing concern over the so-called "aggregation rule," which "grants the government a fearsome tool in drug cases" by permitting prosecutors to charge a defendant with only minor-quantity drug crimes, which may be easily proven, but then seek to enhance the sentence dramatically through relevant conduct, which requires only proof by a preponderance of the evidence at sentencing. *Duarte*, 950 F.2d at 1263.

Despite our concerns with this dubious prosecutorial practice, we have not yet stricken a sentence solely on the basis that the ratio of relevant conduct-based drug amounts is excessively high in comparison to the charged amount. Instead, we have found violations of the aggregation rule only when the government has failed to establish that the relevant conduct was part of the same course of conduct or common scheme or plan as the convicted offense. *See, e.g., Bacallao,* 149 F.3d at 721; *Duarte*, 950 F.2d at 1263-64. But here Lamorie does not challenge the sufficiency of the district court's factual findings, and this may be because there is compelling evidence in the record that Lamorie was indeed extensively involved in Sam's cocaine operation. In addition, the government contends (and Lamorie does not argue otherwise) that the additional information pertaining to Lamorie's involvement in the distribution of greater quantities of drugs did not develop until an unspecified period "late" in the case.[1]

In any event, the circumstances of this case do not suggest that the government was engaging in the type of conduct here that has concerned us in prior cases, *i.e.*, bootstrapping a high sentence via uncharged conduct that was either unrelated to the convicted conduct or based upon a thin reed of evidence that could barely withstand a preponderance of the evidence standard, much less beyond a reasonable doubt. *Cf. Bacallao,* 149 F.3d at 721; *Duarte*, 950 F.2d at 1263-64. And although there may come a time when a sentence is deemed unreasonable in the post-*Booker* sentencing regime based solely on a high ratio of relevant to charged conduct, we decline to find that this case meets that threshold.

Accordingly, we **VACATE** the judgment of the district court with respect to Sam on the limited basis articulated in this order and remand to the district court for further proceedings consistent with this order, and we **AFFIRM** the judgment of the district court with respect to Lamorie.

---

[1] The government, however, does not explain why a superceding indictment was not issued, which might have been the better course, although, as the government noted at oral argument, it may also have exposed Lamorie to an even higher sentence based on a higher base offense level.