**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 2, 2006[*]
Decided August 2, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3167

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03-CR-733-1 |
| DEVAN M. BREMBRY, *Defendant-Appellant.* | Blanche M. Manning, *Judge.* |

**O R D E R**

Devan Brembry robbed a bank located inside a grocery store while toting a BB gun that looked like a semiautomatic pistol. The government charged him with bank robbery, *see* 18 U.S.C. § 2113(a), and he pleaded guilty without the benefit of a plea agreement. He was sentenced to ten years' imprisonment to be followed by three years' supervised release. As a special condition of that supervision the district court ordered Brembry to "participate in a drug aftercare program which may include urine testing at the direction of the probation officer."

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

On appeal Brembry faults the district court for ordering him to submit to urine tests as a condition of his supervised release without specifying a particular number or range of tests. He did not object to the special condition of supervised release at sentencing, rendering our review for plain error only. *See United States v. Guy*, 174 F.3d 859, 862 (7th Cir. 1999). The responsibility for determining the number or range of drug tests to which a defendant must submit lies with the district court alone and cannot be delegated. 18 U.S.C. § 3583(d); *United States v. Bonanno,* 146 F.3d 502, 511 (7th Cir. 1998). The improper delegation can constitute plain error, *see United States v. Pandiello,* 184 F.3d 682, 688 (7th Cir. 1999); *United States v. Mohammad,* 53 F.3d 1426, 1438-39 (7th Cir. 1995), and the government concedes here that it does. *But see United States v. Padilla*, 415 F.3d 211, 224 (1st Cir. 2005) (en banc) (holding that failure to specify number of urine tests defendant must take as condition of supervised release does not constitute plain error). We agree with the government's concession. We therefore REMAND for the district court to determine the number or range of urine tests Brembry must undergo while on supervised release, and to amend the judgment accordingly.