# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 06-1492

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JOSE A. TEJEDA,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05 CR 119—**J.P. Stadtmueller**, *Judge.*

———————

SUBMITTED NOVEMBER 27, 2006[Œ]—DECIDED

———————

No. 06-1622

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DANIEL L. DROPIK,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05 CR 247—**Rudolph T. Randa**, *Chief Judge.*

———————

SUBMITTED NOVEMBER 27, 2006[Œ]—DECIDED FEBRUARY 7, 2007

———————

---

[Œ] After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* Fed. R. App. P. 34(a)(2).

Before WOOD, EVANS, and WILLIAMS, *Circuit Judges.*

EVANS, *Circuit Judge.* The two cases we consider today are related only by the issue they raise: whether plain error exists if a district judge delegates too much authority to a probation agent over drug tests to be given a defendant during his term of supervised release.

Jose Tejeda entered a guilty plea to possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 852. He was sentenced to a term of 120 months imprisonment to be followed by 8 years of supervised release. The district judge entered as a special condition of supervised release that Tejeda "participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as approved by his supervising probation officer, until such time as he is released from such program." There was no mention of the specific number of drug tests which could be required.

Daniel L. Dropik entered a guilty plea to two counts of racially motivated arson damaging religious property, in violation of 18 U.S.C. § 247(c) and (d)(3). One count grew out of activity in Wisconsin; the other a transfer to the Eastern District of Wisconsin pursuant to Federal Rule of Criminal Procedure 20 from the Western District of Michigan. He was sentenced to two concurrent terms of 63 months imprisonment and two concurrent 3-year terms of supervised release. As a special condition of supervised release, he was ordered to "participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as approved by the supervising probation officer . . . ." No limit was placed on the number of drug tests which the probation office could require.

It is the condition regarding drug testing as directed by a probation officer during the term of supervised re-

lease—a condition that in many cases will not come into play for many years—to which both defendants—and several who have gone before them—object. The problem is that neither defendant (with counsel at his side) objected, at sentencing, to the condition when it was imposed. So we must decide, under the circumstances, whether the situation (which may be not all that uncommon) qualifies as a plain error that we must notice on appeal.

The authority to order drug testing comes from 18 U.S.C. § 3583(d), which sets out conditions of supervised release and states, in part:

> The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance.

In *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998), we found that granting the probation agent authority as to testing was error. In that case, the judge ordered drug testing "within the discretion of the probation officer." Relying on our cases in which the district courts left too much discretion in the hands of the probation office regarding the payment of restitution,[1] we determined that the order in *Bonanno* must be set aside. We said the statute made clear that it was up to the court to determine the number of drug tests to which a defendant must

---

[1] Our decision today affects only the issue of drug testing. It is not meant to have a direct effect on our cases involving restitution, such as, for example, *United States v. Mohammad*, 53 F.3d 1426 (7th Cir. 1995), or *United States v. Pandiello*, 184 F.3d 682 (7th Cir. 1999).

submit. However, *Bonanno* contained no discussion of whether, in the absence of an objection at sentencing, an improper delegation of the court's authority to the probation officer should fairly be classified as plain error.

*Bonanno* aside, it is not necessarily a foregone conclusion that every hint of discretion given to a probation officer constitutes error. It may be that in a proper case we would agree with the Court of Appeals for the Ninth Circuit that if a defendant is ordered into a treatment program, it would not be error to grant the probation officer discretion to designate testing which is incidental to the program. *United States v. Maciel-Vasquez*, 458 F.3d 994 (9th Cir. 2006). In the cases before us, however, the condition regarding drug testing seems to be boilerplate language, which grants too much discretion to the probation agent.

Assuming error is present, however, it does not follow that we must necessarily correct it. A right, even a constitutional right, may be forfeited in a criminal case by the failure to object to the error before the trial court. *Yakus v. United States*, 321 U.S. 414, 444 (1944). On the other hand, Fed. R. Cr. P. 52(b) provides that a "plain error that affects substantial rights may be considered even though it was not brought to the court's attention." The rule leaves the decision whether to correct the forfeited error "within the sound discretion of the court of appeals." *United States v. Olano*, 507 U.S. 725, 732 (1993). In order to correct a forfeited error, we must find that Rule 52(b) applies. For the rule to apply, there must be error, that is plain, and that affects substantial rights. It is the last requirement which causes the most difficulty. *Olano* says that in most cases the error must have been prejudicial; that is, it must have affected the outcome of the district court proceedings. It is up to the defendant to show that the error was indeed prejudicial. The standard which guides the exercise of discretion is whether the

error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, at 736, quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936); *see also United States v. Sebolt*, 460 F.3d 910 (7th Cir. 2006).

Whether the delegation of an aspect of drug testing on supervised release is plain error is something we have assumed in several orders but not decided in published opinions. (More on this later.) Other courts have determined that the delegation of authority regarding drug testing does not constitute plain error. In *United States v. Padilla*, 415 F.3d 211, 216 (1st Cir. 2005), the Court of Appeals for the First Circuit determined that requiring a defendant to submit to drug testing "as directed by the U.S. Probation Officer" was error, but it was not plain error. The court pointed out that plain error analysis as to sentencing matters requires a defendant to show a reasonable probability that, but for the error, the sentence would have been more favorable to him. A practical problem for the defendant in a drug testing case is that he cannot show who would demand more tests, the judge or the probation officer. The *Padilla* court also noted that the requirement in the statute that an Article III officer impose the condition is simply a statutory choice, not a constitutional requirement. The error itself was seen as "incidental to the defendant's sentence as opposed to one of its core components." *Id.* at 222. It constitutes an imperfection "in a judicial system administered by human beings" as opposed to an error that is "offensive to the very principles on which that system is based . . . ." *Id. See also United States v. Ortiz-Torres*, 449 F.3d 61 (1st Cir. 2006).

The Court of Appeals for the Ninth Circuit has also determined that, in the absence of a treatment program, granting the probation officer authority to require testing is error. As in *Padilla*, it is not plain error, however,

because it does not seriously affect the fairness, integrity, or public reputation of the proceedings.

On the other hand, as we said, in several unpublished orders (now called "nonprecedential dispositions" under new Fed. R. App. P. 32.1) we have accepted the government's concession that plain error exists in the delegation of drug testing decisions to the probation office. *See United States v. Brembry*, 2006 WL 2243827 at *1; *United States v. Sam*, 2006 WL 1586010 at *1; *United States v. Perry*, 2005 WL 1253875 at *2.[2] Sometimes, though, even with a government concession, other factors may indicate that there is no plain error. In *United States v. Flowers*, 2006 WL 394965 at *1, the government conceded that plain error existed, but because the defendant would be subject to removal from the United States by the Department of Homeland Security immediately upon his completion of his term of imprisonment, we found that the error was not plain. The government concessions were made based on an analogy with cases involving the delegation of decisions regarding restitution, cases like *United States v. Mohammad*, 53 F.3d 1426 (7th Cir. 1995), and *United States v. Pandiello*, 184 F.3d 682 (7th Cir. 1999). These cases imply that when an improper delegation is made, plain error inevitably exists.[3] We now reject that approach.

---

[2]  We are, of course, aware that Local Rule 53 was in effect at the time of these orders but find it necessary to mention them merely to acknowledge our change of course. They carry no weight as precedent, so we are not technically overruling anything.

[3]  We intend no criticism of the government for conceding the point. Our cases involving restitution certainly support the concession. More importantly, we encourage thoughtful evaluations of which issues should be pursued. It's just that this time we disagree.

Fed. R. Cr. P. 52 requires more. The rule is not a substitute for a properly lodged objection at trial or during a sentencing proceeding. Even in a death penalty case, the Court has said, "Appellate review under the plain-error doctrine, of course, is circumscribed and we exercise our power under Rule 52(b) sparingly." *Jones v. United States*, 527 U.S. 373, 389 (1999). A delegation of discretion over the mechanics of drug testing—when the testing itself is ordered by the court—can hardly be said to affect substantial rights of a defendant. As the court said in *Padilla*, it cannot be shown that the defendant would have been better off had the judge imposed the details of the drug testing himself. Neither can it impugn the fairness, integrity, or public reputation of the criminal proceedings. On the contrary, a remand on such an issue could well impugn the reputation of the courts among the public. The public is, we think, somewhat fatigued by expensive, technical, but essentially meaningless do-overs. That this is such an issue brings us to another reason that plain error cannot be found. Should the probation officer impose onerous requirements, the condition requiring drug testing can be modified "at any time prior to the expiration or termination of the term of supervised release . . . ." 18 U.S.C. § 3583(e)(2). *See also* Fed. R. Cr. P. 32.1(c). We found in *United States v. McKissic*, 428 F.3d 719, 726 (7th Cir. 2005), with regard to an improperly imposed restriction on alcohol consumption, that "[b]ecause the district court can modify Mr. McKissic's conditions, the lack of notice does not rise to the level of plain error." In *Padilla*, at 223, the court said that the defendant has a remedy should the probation officer require "an inordinate number of drug tests or otherwise misuse his wrongly delegated authority . . . ." That remedy is, of course, a motion to modify the conditions of supervised release. And for someone like Mr. Tejeda, who will be in confinement far into the future

(and we assume off drugs), that would be a better time to have the issue reconsidered.

The issue regarding the improper delegation of discretion to a probation agent vividly illustrates why there is a hurdle to be overcome before an appellate court should notice an error in the absence of an objection. The ease with which the error in these cases could be corrected cannot be exaggerated. Alerted to the problem, the district judge could simply impose the conditions for drug testing himself. Problem solved. The defendant would not necessarily be better off but the statute would have been complied with.

Because this decision signals a change of course, it was circulated to the active members of the court under Rule 40(e). No judge voted to hear the case en banc.

The judgments of the district courts in both cases are affirmed.

A true Copy:

      Teste:

                         _____
                         *Clerk of the United States Court of*
                         *Appeals for the Seventh Circuit*