NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2007
Decided October 11, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2449

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 CR 1067 |
| SERGIO L. DIAZ, *Defendant-Appellant*. | Blanche M. Manning, *Judge*. |

**O R D E R**

Sergio Diaz was removed from the United States on December 23, 1998, but he returned the same day. Federal officials apprehended Diaz in 2004 and charged him with being in the United States without permission after his removal. *See* 8 U.S.C. § 1326(a). Diaz pleaded guilty in March 2005, and a year later, after two changes of counsel, the district court sentenced him (below the guidelines range calculated by the court) to 50 months' imprisonment and three years' supervised release. Diaz filed a notice of appeal, but his appointed lawyer has moved to withdraw because he cannot discern a nonfrivolous argument for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's supporting brief is facially adequate, and Diaz has not responded to counsel's motion, *see* Cir. R. 51(b). Our

review of the record is limited to the potential issues counsel has identified. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel represents that Diaz does not wish to withdraw his guilty plea or challenge his conviction; therefore, counsel properly omits any discussion of the plea and conviction. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002).

Counsel first considers whether Diaz could challenge the district court's calculation of his offense level, criminal history score, or guidelines imprisonment range. Counsel does not dispute the district court's calculation of the total offense level, but notes that the court improperly excluded one of Diaz's previous convictions from his criminal history score. But this error did not harm Diaz, so we agree with counsel that it would be frivolous to challenge his sentence on this ground. *See id.* at 671. ("[I]t is no failure of advocacy to leave well enough alone.").

Counsel also examines whether Diaz could argue that the district court did not adequately account for various sentencing factors, *see* 18 U.S.C. § 3553(a), or that the court should have lowered his sentence in light of fast-track programs that exist in other jurisdictions. Counsel properly concludes that raising these potential issues would be frivolous. At sentencing the district court noted the letters of reference submitted on Diaz's behalf, but concluded that the nature and number of his prior convictions weighed against him. Moreover, Diaz's prison sentence is 27 months below the low end of the applicable guidelines range, and counsel does not point to a factor that would have compelled a further reduction. With regard to the fast-track "disparity," we have repeatedly rejected this argument. *See United States v. Roche-Martinez*, 467 F.3d 591, 595-96 (7th Cir. 2006); *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462-63 (7th Cir. 2006). Finally, counsel mentions that the district court erred in failing to specify the number of drug tests Diaz must undergo when his period of supervised release begins. Counsel, though, properly concludes that this potential issue would be frivolous because Diaz did not object at sentencing and the error is not one that we would deem to be plain error. *See United States v. Tejeda*, 476 F.3d 471, 475-76 (7th Cir. 2007).

Therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.