NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2007
Decided November 14, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-4111

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> DELROY BROWN, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 06-CR-114 <br><br> William C. Griesbach, <br> *Judge.* |

**O R D E R**

Delroy Brown pleaded guilty to possessing MDMA ("ecstasy") with intent to distribute and illegally reentering the United States after removal. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C); 8 U.S.C. § 1326(a), (b)(2). The district court sentenced him to 188 months' imprisonment, the bottom of the Sentencing Guidelines range. Brown filed a notice of appeal, but his appointed counsel now moves to withdraw on the ground that he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Brown declined our invitation to comment on counsel's motion, *see* Cir. R. 51(b), and therefore our review is limited to the potential issues raised by counsel in his facially adequate supporting brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Brown could challenge the voluntariness of his guilty pleas. According to counsel's brief, though, Brown does not wish to withdraw his guilty pleas, so counsel appropriately does not pursue this argument further. *See United States v. Knox*, 287 F.3d 667, 669-71 (7th Cir. 2002).

Counsel next considers whether Brown could challenge the reasonableness of his sentence. *See United States v. Booker*, 543 U.S. 220, 260-63 (2005). We presume that a sentence within the correctly calculated guidelines range is reasonable. *See Rita v. United States*, 127 S.Ct. 2456, 2462-65 (2007) (holding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And the standard for determining reasonableness is whether the district court provided a reasoned basis for its sentence after considering the relevant sentencing factors found in 18 U.S.C. § 3553(a). *See United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006). Here, as counsel notes, the district court correctly applied the guidelines, considered the range of sentencing factors provided by 18 U.S.C. § 3553(a), and ultimately sentenced Brown at the bottom of the guidelines imprisonment range of 188 to 235 months. The court observed that Brown had compiled a lengthy criminal record in less than ten years in the United States; the frequency and severity of his crimes "displayed a total disregard for the law" and thus warranted a sentence within, and not below, the advisory guidelines range. Given the court's careful deliberation at sentencing, counsel cannot detect any reason to upset *Mykytiuk*'s presumption of reasonableness in the present case, nor can we. *See United States v. Gammicchia*, 498 F.3d 467, 468-69 (7th Cir. 2007); *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006) ("It will be the rare sentence indeed that was *required* under the Guidelines before *Booker* but *forbidden* afterward, when discretion has gone up rather than down.") (emphasis in original); *Mykytiuk*, 415 F.3d at 608.

Counsel also considers whether Brown could argue that the district court erred by classifying him as a career offender. Prior to sentencing, Brown objected to his classification as a career offender on the grounds that his relevant prior convictions were not charged in the indictment, proved to a trier of fact beyond a reasonable doubt, or admitted in his guilty pleas, and therefore they could not operate to increase his guidelines range without violating his rights under the Fifth and Sixth Amendments. Yet Brown did admit to those convictions in his plea agreement, a point that he conceded at the sentencing hearing. Regardless, a judge may find the fact of a prior conviction when applying the guidelines, and prior convictions need not be found beyond a reasonable doubt for sentencing purposes. *Booker*, 543 U.S. at 243-44; *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998); *United States v. Spence*, 450 F.3d 691, 696-97 (7th Cir. 2006); *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005); *United States v. Washington*, 417 F.3d 780, 788 (7th Cir. 2005). The constitutional problem that counsel

identifies arises only "if judicial factfinding [other than the fact of a prior conviction] results in a sentence exceeding the statutory maximum, for example, or if such factfinding requires a particular sentence in the context of a mandatory sentencing guidelines scheme." *Bryant*, 420 F.3d at 656; *see Booker*, 543 U.S. at 244 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added). Counsel is correct that any argument to the contrary would be frivolous.

Additionally, counsel considers whether Brown could challenge the district court's failure to specify a maximum number of drug tests when it imposed participation in a drug and alcohol testing program as a condition of supervised release. A court's authority to compel drug testing upon supervised release is set forth in 18 U.S.C. § 3583(d), which provides that the court alone must determine the number of drug tests required of the defendant. *See United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998). Failure to specify a maximum number of drug tests can constitute error if the omission improperly delegates too much authority to the probation office to direct the drug testing. *Id.* A defendant who does not object at sentencing to the absence of a ceiling on drug testing, however, forfeits the error. *See United States v. Tejeda*, 476 F.3d 471, 473-74 (7th Cir. 2007). Federal Rule of Criminal Procedure 52(b) authorizes a court of appeals to correct a forfeited error so long as it is a "*plain* error that affects substantial rights." Fed. R. Crim. P. 52(b) (emphasis added). But a court's failure to specify a maximum number of drug tests is not a plain error. *Tejeda*, 476 F.3d at 473-76. Because Brown did not object at sentencing, we agree with counsel that it would be frivolous to raise the error on appeal.

Finally, our review of the record revealed that at sentencing the district court incorrectly relied on the 2005 Guidelines Manual eight days after the 2006 Guidelines Manual took effect. *See* U.S.S.G. § 1B1.11. But the two manuals are identical with respect to Brown; under both, his final offense level was 31 and his criminal history category VI, yielding an imprisonment range of 188 to 235 months. Thus, any argument on this ground would be frivolous as well.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.