NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2008
Decided March 19, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4356

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05-30096 |
| DONDI McINTOSH,<br>*Defendant-Appellant*. | Jeanne E. Scott,<br>*Judge*. |

**O R D E R**

Dondi McIntosh pleaded guilty to conspiracy to distribute at least five kilograms of cocaine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(a)(ii), and use of a telephone in a drug offense, *see* 21 U.S.C. § 843(b). The district court found that McIntosh was a career offender because of his prior convictions for aggravated assault and second-degree murder, resulting in an offense level of 37 and a criminal history category of VI. *See United States v. Otero*, 495 F.3d 393, 400 (7th Cir. 2007). The court applied a three-level reduction for acceptance of responsibility and determined that the applicable guidelines range for McIntosh's offense

was 262 to 327 months' imprisonment.  After considering the factors contained in 18 U.S.C. § 3553(a), and a motion from the government for a reduced sentence premised upon McIntosh's cooperation, the court imposed a sentence of 235 months.

McIntosh filed a notice of appeal, but his counsel now moves to withdraw because he cannot discern a non-frivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited McIntosh to respond to counsel's motion, *see* CIR. R. 51(b), but he has not done so.  Counsel's supporting brief is adequate, so we limit our review to the potential issues it identifies. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether McIntosh could challenge the voluntariness of his guilty plea.  Counsel is correct, however, that he cannot consider such a challenge because, after discussing the appeal with McIntosh, McIntosh stated that he did not wish to pursue the argument.  *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2003).  Accordingly, we examine it no further.

Counsel next considers whether McIntosh could argue that the district court erred when it failed to specify the number of drug tests to which he must submit during his supervised release.  Counsel is correct that this argument would be frivolous.  McIntosh did not object to the court's mistake at sentencing, and we have already held that the failure to set the number of drug tests is not a plain error that we may review on appeal. *See United States v. Tejeda*, 476 F.3d 471, 473-76 (7th Cir. 2007).

Counsel also considers whether McIntosh could argue that the district court should have used a lower sentencing range because, as he claimed at sentencing, he played only a minor role in his conspiracy offense.  The district court found otherwise.  But even if this finding were clearly erroneous, an argument for resentencing on this basis would be frivolous.  Because McIntosh was sentenced as a career offender, guideline reductions for minimal or minor roles do not apply to him.  *See Otero*, 495 F.3d at 401 n.4; *United States v. Ward*, 144 F.3d 1024, 1036 (7th Cir. 1998).

Counsel also examines McIntosh's argument that the career-offender enhancement to his sentencing guidelines range was based on facts (his prior convictions) that were not proven beyond a reasonable doubt or admitted, thereby violating the Constitution.  In the district court, McIntosh wished to preserve this argument by contending that *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998), which forecloses this type of challenge, was wrongly decided.  Counsel is correct that to reiterate this argument on appeal would be frivolous because we have repeatedly held that *Almendarez-Torres* remains the governing law unless and until the Supreme Court overrules it. *See United States v. Hendrix*, 509 F.3d 362, 375 (7th Cir. 2007).

Lastly, counsel considers whether McIntosh could argue that his sentence was unreasonable. At trial, McIntosh argued that his career-offender status overstated the seriousness of his offense and criminal history, as well as his likelihood of committing further crimes. He pointed to his GED and 38 units of college credit, his status as a good employee and successful assistant manager at two nursing homes, his lack of drug use, and the evidence that he is a devoted husband and father. He asserted that no more than ten years would necessary to accomplish the goals of sentencing.

Nonetheless, counsel is correct that disputing the reasonableness of McIntosh's sentence would be frivolous. The sentence was below the presumptively-reasonable guidelines range, *see Otero*, 495 F.3d at 401-02, and as such it is difficult to conceive of how such a sentence could be unreasonable, *see United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008). Here, the district court correctly calculated his guidelines range and then considered it in light of the § 3553(a) factors. Specifically, the court noted that McIntosh's care for his family, while simultaneously selling drugs illegally, showed him to be living a double life. It expressed concern that McIntosh's likelihood of recidivism was high, considering that he committed his crimes despite all the good that he claimed was in his life. The court emphasized his serious criminal record as well as the large amount of drugs that he distributed. Thus, the court discharged its duty to balance any mitigating factors against retributive and deterrent ends. *See United States v. McIlrath*, 512 F.3d 421, 423 (7th Cir. 2008); *United States v. Neal*, 512 F.3d 427, 438-39 (7th Cir. 2008); *United States v. Mendoza*, 510 F.3d 749, 754-55 (7th Cir. 2008).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.