NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008
Decided November 13, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3643

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>YAPHET K. JAMAL,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06-CR-949-1<br><br>William J. Hibbler,<br>*Judge.* |

**O R D E R**

Yaphet Jamal pleaded guilty to bank robbery, 18 U.S.C. § 2113(a), and the district court sentenced him to 96 months' imprisonment and 3 years' supervised release. Jamal filed a notice of appeal, but his appointed counsel moves to withdraw because he is unable to discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Jamal opposes counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential bases identified by counsel and Jamal. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Jamal does not want his guilty plea set aside, counsel appropriately omits any discussion about the adequacy of Jamal's plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first questions whether Jamal could argue that his right of allocution, *see* FED. R. CRIM. P. 32(i)(4)(A)(ii), was violated because he was not given a chance to address the sentencing court until after the judge had announced his inclination to impose a term of imprisonment above the guidelines range. Although allocution must precede the imposition of sentence, no rigid procedure must be followed. *United States v. Williams*, 258 F.3d 669, 674 (7th Cir. 2001). And while it is error to announce a definitive sentence before allocution, *United States v. Griffin*, 521 F.3d 727, 731 (7th Cir. 2008); *United States v. Luepke*, 495 F.3d 443, 448 (7th Cir. 2007), the judge here simply advised Jamal that he was contemplating a prison term above the range since Jamal had convictions for a murder, two bank robberies, and a drug crime that were not counted in his criminal history score. Both sides made arguments before Jamal spoke directly to the court. The judge then imposed the 96-month sentence. The judge did not announce a specific sentence before Jamal was given an opportunity to speak, and thus it would be frivolous for Jamal to argue that his right to allocute was violated. *See United States v. Leasure*, 122 F.3d 837, 840 (9th Cir. 1997) (holding that right not violated when court indicates its tentative conclusions before allocution).

Both counsel and Jamal also contemplate arguing that a 96-month term of imprisonment is too long, especially when measured against the guidelines range of 46 to 57 months. We evaluate a sentence for reasonableness. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). In fashioning a sentence, a district judge must properly calculate the guidelines range and then apply the factors set out in 18 U.S.C. § 3553(a). *United States v. Bush*, 523 F.3d 727, 729 (7th Cir. 2008). The guidelines are advisory, *United States v. Booker*, 543 U.S. 220, 245 (2005), but the farther a sentence strays from the guidelines range the more compelling the explanation for it must be. *United States v. Ngatia*, 477 F.3d 496, 501 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

The district court correctly calculated the guidelines imprisonment range, but concluded that it did not adequately capture the seriousness of Jamal's criminal history: if Jamal's murder conviction or either of his unscored bank robberies had counted toward his criminal history category, Jamal would have qualified as a career offender and (even with credit for acceptance of responsibility) faced a guidelines imprisonment range of 151 to 188 months. *See* U.S.S.G. § 4B1.1(a), (b)(C). The sentencing guidelines explicitly encourage district courts to sentence above the range when a defendant's criminal history score does not truly reflect the seriousness of prior crimes, U.S.S.G. § 4A1.3(a), and particularly now under the discretionary guidelines regime, the sentencing judge is free to take into account

fortuities that spare the defendant career-offender status. *See, e.g., United States v. McIntyre*, 531 F.3d 481, 484 (7th Cir. 2008); *United States v. Valle,* 458 F.3d 652, 657 (7th Cir. 2006). The district court discharged its duty to consider all of the relevant information under § 3553(a), not only Jamal's prior convictions, but also the drug addiction that Jamal blamed for his most-recent bank robbery and his educational achievements while in prison. Counsel has not identified any factor that the district court did not take into account, and nor have we. Accordingly, any argument about the reasonableness of Jamal's prison sentence would be frivolous.

Finally, counsel considers whether Jamal might argue that the sentencing court unlawfully delegated its authority to specify a condition of supervised release by not defining the number of drug tests Jamal must take while on supervised release. Counsel correctly concludes that this argument would be frivolous. Jamal did not object, limiting our review to plain error. *United States v. Tejeda*, 476 F.3d 471, 474 (7th Cir. 2007). We have held that failing to specify the number of drug tests is not plain error. *Id.* at 475.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.