NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 22, 2008
Decided January 6, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No.  08-2019

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| *v.* | No. 2:93CR20006-001 |
| FRANK E. ABBOTT, | Harold A. Baker, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Frank Abbott appeals from an order modifying the conditions of his supervised release, but his appointed counsel has asked to withdraw because he cannot discern any nonfrivolous argument to pursue.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's supporting brief is facially adequate, and Abbott has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission.  We limit our review to Abbott's arguments and the potential issue identified in counsel's brief: whether the district court abused its discretion in modifying the conditions of Abbott's supervised release.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

On January 2, 2008, Abbott was released from federal prison after serving time for drug trafficking and possession of a firearm by a felon. (We originally reversed the sentences for those counts on direct appeal, and in a second appeal we vacated Abbott's conviction on another gun charge and once more remanded for resentencing. As a result Abbott was resentenced twice. *See Abbott v. United States*, 195 F.3d 946, 947-48 (7th Cir. 1999)). When Abbott was initially sentenced in 1993, his conditions of supervised release included requirements that he abstain from using drugs or excessive amounts of alcohol and that he obtain mental-health treatment. But Abbott's probation officer apparently believed that those requirements had been dropped from the third and last sentencing order, although we note that the amended judgment in the record on appeal does in fact contain substantially similar terms. In any event, the probation officer asked the district court to reimpose the treatment requirement and the ban on drugs and alcohol along with a new term, that Abbott participate in drug testing.

At the hearing required by Federal Rule of Criminal Procedure 32.1(c), the government explained that Abbott recently had been diagnosed as dependent on alcohol, cannabis, and methamphetamine. The psychologist who conducted the assessment concluded that Abbott needed substance-abuse treatment after his release from prison. Abbott also had recently undergone a mental-health evaluation and been diagnosed with Major Depressive Disorder and Antisocial Personality Disorder; the evaluating psychologist recommended further treatment. Moreover, the government noted that Abbott's presentence report documented his extensive history of depression, drug addiction, and alcoholism, including at least ten alcohol- or drug-related crimes. Abbott's lawyer objected to the modification, arguing that his client had been sober while in jail and was voluntarily seeking treatment for his substance-abuse and mental-health problems. The district court, though, agreed with the government and ordered that Abbott refrain from using alcohol or drugs, that he submit to alcohol and drug testing not more than six times a month, and that he participate in substance-abuse and mental-health treatment.

Given Abbott's history of alcohol and drug abuse and the recent treatment recommendations, we agree with counsel that challenging the modification of Abbott's supervised release would be frivolous. Counsel would have to argue that the district court abused its discretion in imposing the new conditions. *See United States v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002). And that contention would be frivolous where, as here, the court imposed requirements reasonably related to deterring Abbott from further criminal conduct, protecting the public from further crimes, and providing him with needed medical care. *See United States v. Monteiro,* 270 F.3d 465, 468-69 (7th Cir. 2001); *see also United States v. Tejeda*, 476 F.3d 471, 473 (7th Cir. 2006) (noting district court's authority to order drug testing as a condition of supervised release); *United States v. McKissic,* 428 F.3d 719, 722-23 (7th Cir. 2005) (approving district court's total ban on alcohol use as a condition of

supervised release); *United States v. Davies*, 380 F.3d 329, 331-33 (8th Cir. 2004) (upholding district court's order that defendant participate in substance-abuse treatment as a condition of supervised release). Moreover, the district court appropriately specified the number of drug tests required under Abbott's supervised release instead of delegating that decision to the probation officer. *See Tejeda*, 476 F.3d at 473. Any argument that the district court abused its discretion would therefore be frivolous.

In his Rule 51(b) response, Abbott questions whether the district court was entitled to modify his terms of supervision at all. But 18 U.S.C. § 3583(e)(2) explicitly authorizes a district court to "modify, reduce, or enlarge the conditions of supervised release." Abbott responds that federal judges have only a limited amount of time in which to revise a sentencing order. He may be thinking of Federal Rule of Criminal Procedure 35(a), under which the district judge in this case amended the initial sentencing order to correct a clear error. That rule, however, does not alter the district court's authority under § 3583(e)(2), and so Abbott's argument is unavailing.

Finally, Abbott's remaining arguments, such as his charge that counsel violated canons of legal ethics in filing an *Anders* brief, are frivolous as well. *See McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 444 (1988). Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.