```
┌─────────────────────────────────────┐
│     NONPRECEDENTIAL DISPOSITION      │
│     To be cited only in accordance with │
│          Fed. R. App. P. 32.1        │
└─────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2009
Decided April 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3332

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 06 CR 697-1 |
| STEVEN ROBINSON, *Defendant-Appellant*. | Robert W. Gettleman, *Judge*. |

**O R D E R**

Steven Robinson pleaded guilty to five counts of robbing, and attempting to rob, a bank, *see* 18 U.S.C. § 2113(a), for which he received concurrent sentences totaling 84 months' imprisonment. Robinson filed a timely notice of appeal, but his appointed lawyer asks to withdraw for lack of a non-frivolous argument. *See Anders v. California*, 386 U.S. 738 (1967). Robinson has not commented on counsel's motion (though we invited a response, *see* CIR. R. 51(b)), so we confine our review to the potential issues identified in counsel's facially adequate supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Robinson stands by his guilty plea, and for that reason counsel does not examine the adequacy of the plea colloquy or the voluntariness of the plea.  *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Instead counsel considers whether Robinson might challenge his sentence as substantively unreasonable.  *See Gall v. United States*, 128 S.Ct. 586, 596-97 (2007).  Robinson asked the district court for a sentence below the advisory guidelines range of 84 to 105 months because, he insisted, his criminal history was driven in large part by drug addiction and unresolved mental-health issues.  The court was sympathetic, noting the likelihood of rehabilitation, Robinson's "promise," and the magnitude of his addiction and post-traumatic stress disorder.  But, the court continued, "Bank robbery is a really serious crime. . . . . And this wasn't just one bank robbery. . . . Five times, I mean, you had a lot of time to think about it."  In light of the need to protect the community, promote respect for the law, and acknowledge the seriousness of Robinson's past, the court settled on 84 months, the bottom of the guidelines range.  That makes for a presumptively reasonable sentence on appeal.  *See Rita v. United States*, 127 S.Ct. 2456, 2462-64 (2007); *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008).  And we agree with counsel: attacking that presumption here would be frivolous.

Counsel also considers whether Robinson could challenge the district court's failure to specify a maximum number of drug tests when it imposed participation in a drug treatment and testing program as a condition of supervised release.  Yet Robinson never objected at sentencing, which would limit our review to plain error.  *See United States v. Tejeda*, 476 F.3d 471, 473-74 (7th Cir. 2007).  And a court's failure to specify a maximum number of drug tests is not plain error under our precedent, *see id.*, so raising this error on appeal would be fruitless.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.