NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2009
Decided November 6, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-3656

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 07 CR 261-1 |
| TIMOTHY DAY, JR., | |
| *Defendant-Appellant.* | John F. Grady, *Judge.* |

**O R D E R**

Timothy Day, Jr., robbed three banks in less than two weeks. During the robberies, Day posted at least one lookout outside, warned bank employees that he had a gun, and told the tellers not to give him any "funny money." A week after the third robbery, Day was arrested outside another bank he and his cohorts were casing. He pleaded guilty without a plea agreement to three counts of bank robbery, 18 U.S.C. § 2113(a), and was sentenced to 51 months' imprisonment.

Day filed a notice of appeal, but his appointed lawyers have concluded that the case is frivolous and seek to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Day to respond to counsel's motion, though he did not. See CIR. R. 51(b). Our review

is limited to the potential issues identified in counsel's facially adequate brief.      See *United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel initially advise that Day does not want his guilty pleas vacated, and so the lawyers properly omit any discussion of the adequacy of the plea colloquy or the voluntariness of the pleas. See *United States v. Knox,* 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel have considered arguing that Day's prison sentence is unreasonable. The district court set Day's total offense level at 24, which includes a two-level increase for robbing a financial institution, U.S.S.G. § 2B3.1(b)(1), a two-level increase for making a "threat of death" during one of the robberies, *id*. § 2B3.1(b)(2)F), a three-level increase for multiple counts, *id*. § 3D1.4, and a three-level reduction for acceptance of responsibility, *id*. § 3E1.1(a). Day's offense level, combined with his Category I criminal history, produced a guidelines imprisonment range of 51 to 63 months. The district court evaluated the factors in 18 U.S.C. § 3553(a) and concluded that a sentence at the low end of that range was both appropriate and a "real bargain" for Day. The court was not persuaded that Day's disadvantaged childhood, his cooperation with authorities after his arrest, or his expressions of remorse merited a lower prison term given the number of robberies and his use of a gun each time. The sentence imposed is within the guidelines range and thus presumptively reasonable, *United States v. Panaigua-Verdugo,* 537 F.3d 722, 727 (7th Cir. 2008), and Day's lawyers are unable to articulate any basis for disregarding that presumption. It does not matter, as counsel recognize, that Day received a stiffer prison term than one of his lookouts; Day was the one who entered the banks and threatened their employees with a gun, and, more importantly, a difference when measured against the sentence of a codefendant for arguing that a prison term is unreasonable is not a valid basis for arguing that a prison term is unreasonable. See, *e.g., United States v. Omole,* 523 F.3d 691, 700 (7th Cir. 2008); *United States v. Vaughn,* 433 F.3d 917, 926 n.14 (7th Cir. 2006); *United States v. White,* 406 F.3d 827, 837 (7th Cir. 2005). Accordingly, we agree with counsel that challenging the reasonableness of Day's prison term would be frivolous.

We also agree with counsel that Day cannot argue that the district court should have set a schedule for his payment of restitution while in prison. A sentencing court is not required to, and generally should not, set a payment schedule covering the period of incarceration. See *United States v. Hatten-Lubick,* 525 F.3d 575, 581-82 (7th Cir. 2008); *United States v. Sawyer,* 521 F.3d 792, 795 (7th Cir. 2008).

Finally, counsel consider whether Day could challenge the district court's failure to specify the number of drug tests he must undergo while on supervised release. The district court should have set the number of required drug tests, 18 U.S.C. § 3583(d); *United States v. Bonanno,* 146 F.3d 502, 511 (7th Cir. 1998), but Day said nothing about the omission at

sentencing, and the error is not one that we would correct on plain-error review. See *United States v. Harvey*, 484 F.3d 453, 458-59 (7th Cir. 2007)*; United States v. Tejeda*, 476 F.3d 471, 475 (7th Cir. 2007). Thus, we agree with counsel that it would be frivolous to raise this point on appeal.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.