**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. VANCE YUKIO INOUYE, *Defendant-Appellant.* | No. 14-10510 D.C. No. 1:09-cr-00115-SOM-1 ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted
February 12, 2016—Honolulu, Hawaii

Filed May 10, 2016
Amended May 31, 2016

Before: Susan P. Graber, Jay S. Bybee,
and Morgan Christen, Circuit Judges.

Order;
Per Curiam Opinion

**SUMMARY**[*]

**Criminal Law**

The panel affirmed the district court's order setting a restitution schedule in connection with the revocation of supervised release.

The panel rejected Amicus's arguments challenging the reviewability of the merits. The panel wrote that the district court's judgment is final even though the district court is free to adjust the restitution payment schedule, and held that a generic appellate waiver does not waive the right to appeal modification or revocation proceedings. The panel rejected Amicus's argument that a defendant must wait until a restitution order is enforced for the order to be reviewable.

The panel held that the district court did not abuse its discretion in setting the defendant's restitution schedule at 8% of his gross monthly income. The panel held that the district court committed no legal error when it considered the defendant's projected future income, a conclusion not changed by the fact that the defendant was unemployed at the time of his sentencing. As to application of the restitution statute, the panel saw nothing in the district court's order that is illogical, implausible, or without support from the record.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Peter C. Wolff, Jr. (argued), Federal Public Defender, Honolulu, Hawaii, for Defendant-Appellant.

Ronald G. Johnson (argued), Assistant United States Attorney, and Florence T. Nakakuni, United States Attorney, Honolulu, Hawaii, for Plaintiff-Appellee.

Victor D. Stone (argued), and Russell P. Butler, Upper Marlboro, Maryland, for Amicus Curiae Maryland Crime Victims' Resource Center, Inc.

## ORDER

The opinion, filed May 10, 2016, is amended as follows:

1.   At slip op. 4, lines 24–25; delete, "so it appointed the Maryland Crime Victims' Resource Center, Inc., as amicus curiae, to do so," and replace it with "so it contacted the Maryland Crime Victims' Resource, Center, Inc., about whether it would consider defending the judgment on appeal as amicus curiae,"

2.   At slip op. 6, line 26; insert a footnote after the word "appeal.", reading:

We recognize that "[g]enerally, we do not consider on appeal an issue raised only by an amicus." *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993).   But we have also recognized "[d]iscretionary exceptions" to this rule. *Id.*  The district court issued a detailed written order regarding restitution.  Based on the AUSA's position, the district court

did not expect either party to defend the judgment, so the district court contacted the Maryland Crime Victims' Resource Center, Inc., about whether it would consider defending the judgment as amicus curiae on appeal. The Maryland Crime Victims' Resource Center filed an amicus brief, and we accepted the brief and later granted Amicus's unopposed motion to participate in oral argument. Although the government had supported Inouye's position in the district court proceedings, it changed its position, unexpectedly, on appeal. In this unusual situation, the Amicus fully participated in the appeal, and its arguments were briefed and discussed by all parties. *Cf. Russian River Watershed Protection Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1141 n.1 (9th Cir. 1998) (declining to address Amicus's argument where "it [was] raised for the first time on appeal, and not by any party"). Finally, we have expressly recognized an exception to our general bar on addressing Amicus arguments where the issue "involves a jurisdictional question." *Swan*, 6 F.3d at 1383. Amicus challenged the reviewability of the judgment below both in jurisdictional and non-jurisdictional terms.

The time for filing a petition for rehearing or rehearing en banc is unaffected by this order.

**OPINION**

PER CURIAM:

Defendant Vance Yukio Inouye appeals from an order setting a restitution schedule in connection with the revocation of his supervised release.  We affirm.

## I.  FACTS

Inouye pleaded guilty to a count of wire fraud and a count of conspiracy, in connection with a fraudulent mortgage scheme he helped perpetuate.  The district court sentenced him to one month in prison, followed by three- and five-year terms of supervised release, to be served concurrently.  The district court also ordered Inouye to be jointly and severally liable for $274,401 in restitution—$74,401 to a victim family and the remainder to a victim mortgage company.  The order required Inouye to pay restitution at a rate determined by the Probation Office, but no less than 10% of his gross monthly income, once he was released from prison.

Consistent with the restitution order, Inouye began paying restitution upon his release in May 2010.  But from November 2013 to May 2014, Inouye failed to pay.  When questioned about it, he lied to his probation officer, saying the checks were in the mail.  The Probation Office referred Inouye to the district court for revocation proceedings, and Inouye ultimately admitted to lying about his missed payments.

The district court held the proceedings in abeyance several times so that defense counsel could provide more information regarding a restitution schedule.  Inouye

consistently maintained that because of his financial straits (he had no job, had barely ceased being homeless, and had some significant debts), his schedule should be set at zero or nominal payments at best.  The Assistant U.S. Attorney ("AUSA") agreed.

The district court was unpersuaded, however, and sentenced Inouye to one day in custody, 59 months of supervised release, and restitution payments at a rate of 8% of gross monthly income.  Based on the AUSA's position, the district court did not expect any party to defend the judgment, so it contacted the Maryland Crime Victims' Resource Center, Inc., about whether it would consider defending the judgment on appeal as amicus curiae, and it issued a detailed written order regarding restitution.

In its order, the court first made numerous findings about Inouye and his general background.  The court found he was 36 years old, had a high school education, had no substance abuse problems, and was healthy.  The court also found Inouye to be "well-groomed" with "a professional demeanor," "employable," "industrious," and "likely to find new employment within a reasonable time."  Inouye had been "steadily employed throughout his life," making around $15 an hour "when he was paid hourly" and "between $3,000 and $5,000 per month when working as a loan officer."  And despite Inouye's criminal conviction, for the four years he was on supervised release, he had "for the most part" remained employed, working as a car salesman and in a startup beverage company.

Relying on 18 U.S.C. § 3664(f)(2)—which directs district courts to consider the various "financial resources," "projected earnings," and "financial obligations" of the

defendant—the court then made findings about Inouye's finances. As of July 2014, only a couple of months prior to sentencing, he had after-tax income of $2,197 a month. His expenses at that time were $2,418.77 a month (exceeding his income), which "included $1,350 for rent, $400 for groceries for four individuals [Inouye and his three children who were then living with him], $173 for electricity, $170 for telephone, $160 for commuting expenses such as gas, $100.69 for auto insurance, and $65.08 for internet." Inouye had no medical insurance. He had an unsecured medical debt of $5,000. And he had a tax debt of $18,000, which IRS officials informed him was "subordinate to his restitution debt." However, the court also concluded that Inouye's expenses were likely to be lower than they had been previously, because his children were now living with his ex-wife, he had no apparent child-support obligations, and he was now living with his aunt where "he is not presently being charged for rent, utilities, or food."

Based on these findings, the court imposed a restitution schedule at 8% of Inouye's gross monthly income. Inouye now appeals.

## II.  STANDARD OF REVIEW

We review a restitution order for "an abuse of discretion, provided that it is within the bounds of the statutory framework." *United States v. Gordon*, 393 F.3d 1044, 1051 (9th Cir. 2004) (internal quotation marks omitted). "Factual findings supporting an order of restitution are reviewed for clear error. The legality of [the] order is reviewed de novo." *Id.* (internal quotation marks and ellipsis omitted).

## III.  ANALYSIS

On appeal, Inouye argues that the district court abused its discretion when it imposed an 8%-of-gross-income restitution schedule because it considered his projected future earnings and drew inferences about Inouye's finances with "no support in the record."  Amicus contends that we cannot review Inouye's appeal and that, alternatively, the district court did not abuse its discretion. The government has changed its position on appeal and now supports the judgment below.

We hold that Inouye's appeal is reviewable, and we affirm the district court's order.

## A.  *Reviewability of Inouye's Appeal*

As a threshold matter, we reject Amicus's several arguments aimed at challenging our ability to review the merits of Inouye's appeal.[1]  First, the district court judgment

---

[1] We recognize that "[g]enerally, we do not consider on appeal an issue raised only by an amicus." *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993).  But we have also recognized "[d]iscretionary exceptions" to this rule.  *Id.*  The district court issued a detailed written order regarding restitution.  Based on the AUSA's position, the district court did not expect either party to defend the judgment, so the district court contacted the Maryland Crime Victims' Resource Center, Inc., about whether it would consider defending the judgment as amicus curiae on appeal.  The Maryland Crime Victims' Resource Center filed an amicus brief, and we accepted the brief and later granted Amicus's unopposed motion to participate in oral argument.  Although the government had supported Inouye's position in the district court proceedings, it changed its position, unexpectedly, on appeal.  In this unusual situation, the Amicus fully participated in the appeal, and its arguments were briefed and discussed by all parties. *Cf. Russian River Watershed Protection Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1141 n.1 (9th Cir. 1998) (declining to address

is a final judgment even though the district court is free to adjust the restitution payment schedule. *See* 18 U.S.C. § 3664(o) ("A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that . . . such a sentence can subsequently be . . . corrected[,] . . . appealed and modified[,] . . . amended[,] . . . adjusted[,] . . . [or] the defendant may be resentenced . . . ."). Second, nothing in "the language of [Inouye's original 2009] waiver encompasses [Inouye's] right to appeal" the consequences of a subsequent revocation proceeding. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (internal quotation marks omitted). Accordingly, he cannot be said to have "knowingly and voluntarily" waived his right to appeal the district court's decision here. *Id.* (internal quotation marks omitted); *see also United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (holding that a defendant did not, pursuant to his plea agreement, waive his right to appeal the district court's decision that it lacked jurisdiction to modify his sentence because the plea agreement encompassed only the right to appeal "the sentence imposed" (internal quotation marks and ellipsis omitted)). We agree with the courts of appeals that have addressed this and similar situations: A generic appellate waiver does not waive the right to appeal modification or revocation proceedings. *See United States v. Wilson*, 707 F.3d 412, 415–16 (3d Cir. 2013) (collecting cases from the Tenth and Eleventh Circuits); *United States v. Lonjose*, 663 F.3d 1292, 1301–02 (10th Cir. 2011) (collecting

---

Amicus's argument where "it [was] raised for the first time on appeal, and not by any party"). Finally, we have expressly recognized an exception to our general bar on addressing Amicus arguments where the issue "involves a jurisdictional question." *Swan*, 6 F.3d at 1383. Amicus challenged the reviewability of the judgment below both in jurisdictional and non-jurisdictional terms.

cases from the Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits).   And finally, Amicus cites no authority to support its position that a defendant must wait until a restitution order is enforced against him for the order to be reviewable.   Amicus's citation to *Stack v. Boyle*, 342 U.S. 1, 6 (1951)—which held that the proper procedure for challenging bail as unlawfully fixed in violation of the Eighth Amendment is to file a motion for reduction of bail instead of collaterally attacking it on habeas review—is inapposite. There is no obstacle, jurisdictional or otherwise, to our review of the merits.

## B. *The Restitution Schedule*

The district court did not abuse its discretion in setting Inouye's restitution schedule at 8% of his gross monthly income.  When assessing whether a restitution schedule under 18 U.S.C. § 3664(f)(2) was an abuse of discretion, we follow a two-step inquiry: First, we determine whether the lower court applied the correct legal rule, and second, we determine whether the application of that rule or standard was illogical, implausible, or without support from any inferences that can be drawn from the record.  *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc); *see also United States v. Booth*, 309 F.3d 566, 575 n.6 (9th Cir. 2002) ("A restitution order is reviewed for abuse of discretion if it is within the bounds of the statutory framework."). Inouye fails to make out a case at either step, so we affirm.

First, contrary to Inouye's repeated assertion, the district court committed no legal error when it considered Inouye's projected future income. To the contrary. By law the district court "*shall . . . specify . . . the schedule according to which[] the restitution is to be paid, in consideration of . . . projected*

*earnings* and other income of the defendant." 18 U.S.C. § 3664(f)(2)(B) (emphasis added). As we have made clear regarding § 3664(f)(2)(A), "a sentencing court *must* consider the defendant's financial resources in setting a restitution payment schedule." *Ward v. Chavez*, 678 F.3d 1042, 1052 (9th Cir. 2012) (emphasis added). The same holds true for § 3664(f)(2)(B)—a district court must consider projected earnings when imposing restitution. *See, e.g.*, *United States v. Bogart*, 576 F.3d 565, 574 (6th Cir. 2009) (holding that § 3664(f)(2) "provides that district courts *must* evaluate" the "financial resources," "projected earnings," and "financial obligations" of the defendant (emphasis added) (internal quotation marks omitted)); *United States v. Calbat*, 266 F.3d 358, 366 (5th Cir. 2001) (holding that "the financial resources and other assets of the defendant; projected earnings and other income of the defendant; and any financial obligations of the defendant, including obligations to dependents" are "mandatory factors" for consideration in setting a restitution schedule). That conclusion is not changed by the fact that Inouye was unemployed at the time of his sentencing (a state of affairs likely to be true in many sentencing proceedings). *See, e.g.*, *Booth*, 309 F.3d at 576 (holding that a $500-per-month schedule was not an abuse of discretion, even though the defendant claimed that "his circumstances do not permit any payment," because the defendant could "reasonably look forward to being able to pay [that amount] after his term of imprisonment"); *Bogart*, 576 F.3d at 574–75, 574 n.4 (noting that restitution schedule was proper in light of the defendant's "potential earning capacity" despite a recorded monthly cash flow of $193, only $200 in his checking account, over $400,000 in debts, and defendant's statement that he was "just released from prison" and had unknown prospects (internal quotation marks omitted)); *United States v. Viemont*, 91 F.3d 946, 951 (7th Cir. 1996) ("If a district court possesses

the necessary information regarding the financial condition of a defendant, there is no abuse of discretion in ordering restitution—even where the defendant has a negative net worth and a monthly cash flow of zero." (alteration and internal quotation marks omitted)).

Second, as to the application of the restitution statute, we fail to see anything in the district court's order that is illogical, implausible, or without support from the record. *Hinkson*, 585 F.3d at 1261–62. The district court did not "ignore[] the cash flow report that was in the PSR," nor did it "ignore[] that [Inouye] was not paying medical insurance." The court recognized both of those facts explicitly. And the court's determination that Inouye's expenses in the immediate future were likely to be lower than they had been had ample support in the record. The court did not abuse its discretion by concluding that Inouye's expenses would be less when he was no longer living with his children, paying rent, or paying for utilities. Finally, we note, as did the district court, that if Inouye has no job, then 8% of $0.00 is $0.00, and he suffers no real prejudice. Inouye is free to seek further modification of his restitution schedule as his circumstances continue to evolve.

**AFFIRMED**.