NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7245 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00135-DCN-1 |
| v. | |
| TRACY LYNN PRIOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted June 18, 2025[**]

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Tracy Lynn Prior appeals from the district court's judgment and challenges the restitution payment schedule set by the court following her guilty-plea conviction for four counts of wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Prior was ordered to pay restitution in the amount of $416,930.96, with monthly payments upon her release of at least $1,500. Prior contends this schedule will leave her destitute because $1,500 represents 74% of her monthly income from social security disability payments, which may not resume after her incarceration. We review the district court's restitution schedule for abuse of discretion. *See United States v. Inouye*, 821 F.3d 1152, 1155 (9th Cir. 2016).

The district court did not abuse its discretion. It considered the 18 U.S.C. § 3664(f)(2) factors and the uncontested facts in the presentence report. It then reasonably determined that Prior's community assets—when considered along with her liabilities—were sufficient to support the monthly payments. Because the record supports this determination, we affirm. *See Inouye*, 821 F.3d at 1157 (district court abuses its discretion in setting restitution payment schedule only if its order is "illogical, implausible, or without support from the record").

**AFFIRMED.**