# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-4381

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MAHMOOD FARIDUDDIN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05-CR-109—**William C. Griesbach**, *Judge*.

ARGUED NOVEMBER 3, 2006—DECIDED DECEMBER 5, 2006

Before EASTERBROOK, *Chief Judge*, and FLAUM and WILLIAMS, *Circuit Judges*.

EASTERBROOK*, Chief Judge*. *United States v. Day*, 418 F.3d 746, 758-61 (7th Cir. 2005), holds that, even when an award of full restitution is mandatory, 18 U.S.C. §3664(f)(2) requires a district court to set a schedule for payment if the defendant cannot pay the whole sum immediately. Like almost all rights in the criminal process, see *United States v. Mezzanatto*, 513 U.S. 196 (1995), the entitlement to a schedule of payments may be waived. Mahmood Fariduddin waived this entitlement when he pleaded guilty to mail fraud and tax evasion and agreed to make $384,000 in restitution.

Paragraph 28 of Fariduddin's plea agreement reads: "The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations." Notwithstanding this promise, the only argument that Fariduddin makes on appeal is that under *Day* he is entitled to a schedule of payments that will postpone the time of full payment. By making a request that he agreed not to make, Fariduddin has broken his promise and should count himself lucky that the United States has not proposed to take back its own concessions and ask the judge to increase his sentence. See *United States v. Whitlow*, 287 F.3d 638 (7th Cir. 2002).

Fariduddin insists that a schedule of payments differs from "any delay or stay in payment," but a schedule is a "delay" compared with full immediate payment. A purchaser who negotiates to buy an automobile on time payments, so much a month, is requesting a delay compared with full payment on the car's delivery. What Fariduddin wants is not only a delay but also a cancellation of the debt. He tells us that he would be satisfied with a schedule of $150 per month. Yet interest alone on an unsecured debt of $384,000 exceeds $3,000 per month at current rates. When the interest rate is 10% per annum, the present value of $150 paid monthly until the end of time is $18,000. Fariduddin thus asks to be relieved of $366,000 worth of the $384,000 obligation. Paying less than 5% of the total debt is not what he promised in his plea agreement—and it was in part by promising to make full and immediate restitution that Fariduddin obtained a reduction in his prison term.

According to Fariduddin, the district court entered a contradictory sentence by setting a schedule of payments to begin after his release from prison while making the full debt payable before release. That's not how we under-

stand the sentence, however. The debt is payable in full now, as Fariduddin agreed. Recognizing that Fariduddin might not pay, the district judge set a *minimum* installment as a condition of supervised release. Item 1 under "Additional Supervised Release Terms" reads: "The defendant is to pay restitution at a rate of *not less than* $150.00 per month. The defendant will also apply 100 percent of his or her [sic] yearly federal and state tax refunds toward payment of restitution." (Emphasis added.) If while on supervised release Fariduddin does not pay at least the $150 monthly and devote all tax refunds to restitution, then he is headed back to prison. A floor under payments differs from a schedule; there is no contradiction in this sentence.

A checkbox later in the sentencing form could be read to suggest that payment has been capped at $150 per month for life. Yet the same preprinted line says that Fariduddin must make complete restitution, and $150 a month will not even keep up with interest. The form must be read harmoniously with the statute and the special condition of supervised release, so that $150 per month is a floor rather than a ceiling. Fariduddin must pay in full, as 18 U.S.C. §3663A requires.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*