In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 05-4677

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KELVIN ELLIS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 CR 30010—**William D. Stiehl**, *Judge.*

_____

ARGUED FEBRUARY 21, 2007—DECIDED APRIL 3, 2008

_____

Before EASTERBROOK, *Chief Judge*, and FLAUM and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge.* The single issue raised in this appeal concerns the extent of a district court's obligation to establish a payment schedule when imposing a criminal fine. The parties contest whether our decision in *United States v. Day*, 418 F.3d 746 (7th Cir. 2005), which held that a district court must establish a payment schedule when imposing restitution, is applicable to the imposition of fines. Because the restitution and criminal fine statutes differ in the obligations they place on district courts, we conclude that *Day* is inapplicable to the latter.

Kelvin Ellis pleaded guilty to evasion of income taxes for the 2001 tax year. He was sentenced to twenty-one months in prison and three years of supervised release, and the district court imposed a $100 special assessment and a $3,000 fine. When the judge set the fine at Ellis's sentencing hearing, he said:

> It is further ordered that the Defendant pay to the United States a fine in the amount of $3,000, and a special assessment of $100. The fine and special assessment, totaling $3,100, are due immediately and are payable through the Clerk of the United States District Court.
>
> If the Defendant is unable to satisfy the fine and special assessment during the period of incarceration, the payment of any unpaid balances shall become a condition of supervised release. And the Defendant shall pay the unpaid balances at the rate of $100 a month or ten percent of his monthly gross income, whichever is greater.

The court's written judgment stated:

> Payments are due immediately, through the Clerk of the Court, but may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program. Any financial penalties that remain unpaid at the commencement of the term of supervised release shall be paid at the rate of $100.00 per month, or 10% of defendant's monthly gross earnings, whichever is greater.

The sole issue Ellis raises on appeal is whether the district court erred by failing to establish a schedule for making fine payments while Ellis is incarcerated. Ellis raised no objections before the district court regarding the

imposition of his fine; consequently, we review his claim for plain error.[1] FED. R. CRIM. P. 52(b).

Under the federal statute governing imposition and payment of criminal fines, the sentencing court has the option of making a fine payable immediately or in installments. 18 U.S.C. § 3572(d)(1). If a fine is ordered payable immediately, " 'immediate payment' does not mean 'immediate payment in full;' rather it means 'payment to the extent that the defendant can make it in good faith, beginning immediately.' " *United States v. Jaroszenko*, 92 F.3d 486, 492 (7th Cir. 1996) (citation omitted). If a

---

[1] We have previously held that an impermissible delegation of the authority to establish a restitution payment schedule constitutes plain error. *See United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir. 1999). Whether the holding of *Pandiello* applies to a forfeited error in the imposition of a fine would depend in part on the analysis in our more recent decision in *United States v. Tejeda*, 476 F.3d 471 (7th Cir. 2007). In *Tejeda*, we held that an impermissible delegation to a probation officer of the authority to schedule drug testing during supervised release does not constitute plain error. *Id.* at 475. In doing so, we concluded that an error of this sort does not "impugn the fairness, integrity, or public reputation of the criminal proceedings," *id.*, noting "[t]he ease with which the error in these cases could be corrected" by the district court, *id.* at 476. Although *Tejeda* stated that its holding "is not meant to have a direct effect" on delegation arguments regarding fines or restitution, *id.* at 473 n.1, the analysis applied there has some force in this context, as errors in the manner in which a fine was imposed also are easily correctable by the district court. *See* 18 U.S.C. § 3572(c). However, because we ultimately conclude that no error, plain or otherwise, occurred in this case, we leave the question of the reach of *Tejeda*'s plain-error analysis for another day.

fine is ordered payable in installments, "the installments shall be in equal monthly payments over the period provided by the court," 18 U.S.C. § 3572(d)(1), and "the length of time over which scheduled payments will be made shall be set by the court," *id.* § 3572(d)(2).

Because § 3572 obligates the sentencing court to establish a schedule if it chooses to permit installment payments, we have previously held that a court cannot delegate to the Probation Department the authority to set a payment schedule. *See United States v. Arellano*, 137 F.3d 982, 986 (7th Cir. 1998) ("The district court itself must set the payment schedule for fine[s] . . . ."). However, because the court has no equivalent responsibility when it orders a fine payable immediately, we have also concluded that a "payment schedule established by the [Bureau of Prisons ("BOP") through the Inmate Financial Responsibility Program ("IFRP")] does *not* conflict with [a] sentencing court's immediate payment order." *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (emphasis added).

Because the district court ordered Ellis's fine payable immediately, its order is governed by *McGhee*, which leaves the BOP free to establish payment amounts while Ellis is incarcerated. Ellis maintains *McGhee* must be reconsidered in light of this court's decision in *Day*. In *Day*, evidence established that the defendant could not presently make any payments toward restitution; we held that an order making his restitution payable immediately operated to "assign[ ] responsibility to the Probation Office to formulate a payment schedule" and this constituted an impermissible delegation of judicial authority to the defendant's probation officer. 418 F.3d at 761.

*Day* concerned the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3664, which differs markedly from the fine statute, 18 U.S.C. § 3572. Under the MVRA,

the court is *required* to establish "the manner in which, and the schedule according to which, the restitution is to be paid." *Id.* § 3664(f)(2). In setting that schedule, the court is also obligated to consider factors regarding the defendant's financial resources and present ability to pay. *Id.* Because the evidence in *Day* indicated the defendant would be unable to pay the ordered restitution immediately, we concluded the MVRA obligated the district court to establish a payment schedule. In so holding, we also concluded that "the most direct, and most efficient, way for a district court to perform its statutory duty [under the MVRA] is to fix a payment schedule and to set forth that schedule at the time of sentencing." 418 F.3d at 761.

*Day*'s holding did not reach criminal fines, and the differences between the MVRA and the fine statute, § 3572, persuade us that *Day*'s concern about improper delegation of judicial authority is not implicated here. The MVRA makes restitution mandatory regardless of a defendant's ability to pay, and as a result permits the district court to consider ability to pay *only* when establishing the schedule of payment. 18 U.S.C. § 3664(f)(1)(A). As explained above, § 3664(f)(2) requires the court to use information about the defendant's ability to pay when carrying out its duty of establishing the manner of payment; the statute accordingly specifies numerous possible methods of payment. *See id.* § 3664(f)(3) (permitting payment by lump-sum, installments, periodic nominal amounts, or a combination thereof).

In contrast, criminal fines are discretionary, and sentencing courts must consider ability to pay when determining whether to impose any fine at all. *Id.* § 3572(a). Perhaps because its process requires this threshold determination, the fine statute contains no requirement that the

sentencing court establish any manner of payment, but rather makes all fines due immediately absent a court order to the contrary. *Id.* § 3572(d)(1). That is, it *permits* but does not *require* the district court to set an alternative payment schedule. Because *Day*'s holding turns on mandatory payment scheduling provisions in the MVRA that are absent in § 3572, we conclude *Day* should not be extended to the imposition of fines under § 3572. Ellis's argument remains precluded by *McGhee*, and his appeal must fail.

Ellis also maintains that because the district court established monthly payments toward any outstanding fine amount as a condition of supervised release, the court was required to set a complete schedule of payments, including those to be made during incarceration. By imposing this supervised release condition, Ellis contends, the court converted the fine "due immediately" into a fine due in installments, thus precluding the BOP from establishing payment amounts while he is incarcerated. This argument misconstrues the court's order, which did not establish installment payments in the manner contemplated by the statute, but rather only imposed a minimum payment upon which continued release from prison would be conditioned if the fine remained unpaid when the defendant was released from prison. *Cf. United States v. Fariduddin*, 469 F.3d 1111, 1113 (7th Cir. 2006) ("[a] floor under payments differs from a schedule"). "[T]he court's . . . order do[es] not delegate scheduling of fine payments or, in fact, any function to the BOP," but rather only permits payment in compliance with the IFRP, which *McGhee* held is permissible. 166 F.3d at 886.

The district court's order is AFFIRMED.