NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 14, 2008
Decided May 6, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3940

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. IP06-CR-0041-01 |
| SCOTT FOOR, *Defendant-Appellant*. | John Daniel Tinder, *Judge* |

**O R D E R**

Scott Foor pled guilty to being a felon in possession of a firearm. The district court sentenced Foor to 110 months in custody, three years of supervised release, a $500 fine and a $100 special assessment. Foor's only claim in this appeal is that the district court judge erred in failing to establish a specific schedule for making fine payments during Foor's term of imprisonment. Due to the limited nature of his appeal, we need not recite the details of his crime and plea agreement other than to note that by the terms of his plea agreement Foor may challenge this portion of his sentence.

Foor did not specifically object to the district court's fine order at sentencing, so we review the district court's actions for plain error only. *U.S. v. Kelly,* 519 F.3d 355, 362, n.1 (7th Cir. 2008). That is, in order to reverse the order of the district court, there must have been (1) an error, (2) it must have been plain and (3) it must have affected Foor's substantial rights. *U.S. v. Olano*, 507 U.S. 725, 732 (1993).

The issue raised in this case can be resolved completely by reference to our recently released opinion in *U.S. v. Ellis*, No. 05-4677, 2008 WL 879861 (7th Cir. Apr. 3, 2008). *Ellis* instructs that where a court has ordered a fine payment due immediately, it is not error for the district court to fail to set a schedule for making fine payments while a defendant is incarcerated. *Id.* at *3. Nor must a court set a schedule of payments for any unpaid amount remaining during the period of supervised release. *Id.*

The district court's order in this matter is AFFIRMED.