

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2009

# USA v. Mack Wynn

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2467

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Mack Wynn" (2009). *2009 Decisions*. Paper 1328.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1328

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2467
_____

UNITED STATES OF AMERICA

v.

MACK WYNN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 06-cr-00184)
District Judge:  Honorable Berle M. Schiller

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
MAY 19, 2009
Before:    MCKEE, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: May 22, 2009)
_____

OPINION
_____

PER CURIAM

On April 18, 2006, a grand jury in the Eastern District of Pennsylvania returned an

indictment charging appellant Mack Wynn with nine counts of violating the federal

controlled substances laws, including conspiracy, distribution of crack cocaine,

possession of in excess of 50 grams of crack with intent to distribute, and distribution of

crack near a school. Pursuant to an agreement with the government, Wynn pleaded guilty

to five of the counts, and the government agreed to dismissal of the remaining counts. In

pleading guilty, Wynn agreed to waive, subject to certain exceptions not relevant here,

"all rights to appeal or collaterally attack" his "conviction, sentence, or any other matter

relating to this prosecution, whether such a right to appeal or collateral attack arises under

18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law."

See Plea Agreement, at ¶ 7.

Wynn was sentenced on March 7, 2007 to a term of imprisonment of 70 months on

each count, the sentences to run concurrently.[1] Finding that Wynn lacked the ability to

pay a fine within the Guidelines range, the District Court ordered him to pay a $1,000

fine; the court waived the interest requirement. Wynn also was ordered to pay a

mandatory $500 special assessment. The District Court ordered that the fine was due

immediately. The court "recommended" that Wynn participate in the Bureau of Prisons

Inmate Financial Responsibility Program (the "IFRP"). The court further ordered that, if

Wynn did not pay in full by the date of his release from prison, he was to pay the amount

due in monthly installments of $100 beginning thirty days after his release from

confinement. See N.T., 3/7/07, at 18-19.

Wynn did not appeal his conviction or sentence. On February 7, 2008, he filed a

---

[1] The District Court determined that Wynn was eligible for a "safety valve" reduction
pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, and imposed a sentence below the
statutory mandatory minimum of ten years.

pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) and the recent amendment to the Guidelines for crack offenses. On May 15, 2008, the District Court granted the motion and reduced Wynn's sentence to 57 months.

Wynn currently is incarcerated at FCI-Elkton in Lisbon, Ohio. At issue in the instant appeal, on April 21, 2008, Wynn filed a pro se motion in the Eastern District of Pennsylvania titled "Motion to Defer or Vacate Fine/Assessment While In Prison," in which he asked the District Court to either defer or vacate the payment of his fine and special assessment while he is imprisoned. In his motion, Wynn stated that he could not meet his obligation to pay the fine and special assessment because he lacks a G.E.D.; inmates who lack a G.E.D. are only eligible for an institutional work assignment at a "level 4 pay grade." Because of his limited employability while in prison, he cannot pay the amount due and still have funds for telephone communication with his family. Wynn contended that the District Court could exercise jurisdiction under 18 U.S.C. § 3572(d).

Wynn further asserted in his motion that he applied for relief from Bureau of Prisons staff pursuant to 28 C.F.R. § 545.11(b), which allows an inmate an exclusion of $75.00 monthly from the amounts used to calculate what payment plan is suitable in his case. He also asked to be placed in "Temporary Exempt Status," pursuant to Program Statement 5380.08(e), which provides:

> "**Exempt TMP.**" "Temporarily Exempt from Participation" will be entered for an inmate who is unable to participate adequately toward satisfaction of the obligation, ordinarily because of medical or psychological restrictions which prevent the inmate from working. This assignment is at the Unit

Team's discretion and may also be used for an inmate who is unable to secure employment in UNICOR or advance beyond maintenance pay due to conditions beyond the inmate's control (overcrowding, institution need, limited financial resources, special circumstances, etc.).

See Bureau of Prisons Program Statement 5380.08(e). Wynn did not state in his motion whether the BOP had granted or denied his requests.

Last, Wynn asserted in his motion that the District Court's order imposing a fine was in violation of our decision in United States v. Corley, 500 F.3d 210 (3d Cir. 2007), judgment vacated, — S. Ct. — , 2009 WL 901513 (U.S. April 6, 2009). In Corley, a non-waiver case on direct appeal, we held that the district court impermissibly delegated its authority to the Bureau of Prisons where, having knowledge that the defendant could not make payment in full immediately, it fixed the amount of restitution and schedule of payments once the defendant was released, but left to the BOP the task of determining how the defendant would pay his obligations while he was in prison. Id. at 225. See also United States v. Coates, 178 F.3d 681, 684-85 (3d Cir. 1999) (ordering schedule of restitution payments is judicial function that cannot be delegated in whole or in part). In Corley, we ordered a limited remand so that the district court could set a restitution schedule.[2]

On April 24, 2008, the District Court denied Wynn's "Motion to Defer or Vacate Fine/Assessment While In Prison" without explanation and without waiting for the

---

[2] Subsequently, a petition for writ of certiorari was granted and the Supreme Court vacated the judgment on a ground unrelated to the improper delegation issue.

government to respond.  Wynn appeals.

We will vacate the order of the District Court denying Wynn's "Motion to Defer or Vacate Fine/Assessment While In Prison," and remand for further proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  Wynn contends that the District Court erred in denying his motion, and relies on the arguments he raised in the proceedings below.  The government contends that the District Court acted properly because it lacked jurisdiction to modify or remit the fine, and, even if the District Court had jurisdiction over the motion, Wynn's waiver of his right to direct and collateral appeals applied to bar consideration of it.

We address first the issue of subject matter jurisdiction.  Section 3572(d) of title 18, pursuant to which Wynn sought to proceed in the sentencing court, provides in pertinent part:

> (3) A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine.  Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d)(3).  The statute by its terms does not apply where the fine is due immediately and in a lump sum, and it does not permit the District Court to remit a criminal fine.  Only the government may petition for modification or remission of a fine upon a showing that reasonable efforts to collect a fine or assessment were not likely to

5

be effective, see United States v. Seale, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994) (discussing exclusive remedy to modify or remit fine under 18 U.S.C. § 3573). But, where the judgment permits payments in installments, the statute authorizes a district court to reschedule a fine payment due to a change in economic circumstances. See generally United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003).

Accordingly, to the extent Wynn sought to vacate his fine, the District Court could not exercise jurisdiction under section 3572(d)(3), and, to the extent the court ordered the fine to be paid immediately and in a lump sum, it similarly could not exercise jurisdiction under this statute. That much is clear. Here, however, we are faced with a situation where the District Court ordered the fine to be paid immediately but seems to have had an informal understanding that the BOP would set a payment schedule for Wynn, thus effectively delegating its authority to the BOP. Furthermore, Wynn sought a deferment, until he is released from prison on the basis of his current inability to pay the fine, as an alternative to a remission. The government, however, seeks to enforce the collateral appellate waiver in the event that jurisdiction is not lacking. According to the plea agreement, Wynn agreed to waive his right to collaterally attack his "conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law." See Plea Agreement, at ¶ 7.

6

Waivers of the right to appeal are enforceable if they are entered into knowingly and voluntarily, unless they work a miscarriage of justice. United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001). A court is not divested of jurisdiction when appellate rights are waived; it simply refuses to exercise it. United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007). In determining whether the defendant should be relieved of the waiver, a court should consider the "clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result. Id. at 563 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

It is unclear whether Wynn's section 3572(d)(3) motion is barred by the waiver. A motion pursuant to 18 U.S.C. § 3572(d)(3) is not specifically mentioned in the plea agreement. We note further that the District Court did not review the specific appellate waiver provision with Wynn during the plea proceedings. The right to directly appeal his conviction and that by pleading guilty he would be waiving it, was discussed with Wynn in the context of the trial rights he would be waiving, see N.T., 11/27/06, at 10-14, but the specifics of the waiver provision itself were not addressed, and, ironically, at the conclusion of the sentencing proceeding, Wynn was advised that he had a right to appeal his sentence, see N.T., 3/7/07, at 20. All of this raises a question concerning the knowing and voluntary nature of the waiver that would not be proper for us to address in the first

7

instance on appeal. Furthermore, Wynn's improper delegation argument would necessarily factor into any miscarriage of justice analysis, even assuming that the appellate waiver was knowing and voluntary and applied to Wynn's motion.

But perhaps the threshold consideration presented by Wynn's "Motion to Defer or Vacate Fine/Assessment While In Prison" involves discerning its true aim. If Wynn is objecting to the manner in which the BOP is encouraging him to pay the money he owes, his complaint probably is beyond the scope of 18 U.S.C. § 3572(d)(3), and, if it is beyond the scope of the statute, the question of his waiver need not be resolved. Wynn's claim may be a challenge to the execution of his sentence. In Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir.2002), the Eighth Circuit held that challenges to the IFRP collection mechanism concern the execution of a sentence and are correctly framed as habeas corpus petitions pursuant to 28 U.S.C. § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d at 235, 241-43 (3d Cir. 2005) (challenge to BOP's execution of sentence is properly brought under 28 U.S.C. § 2241); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (same).[3] If so, the District Court could deny the motion without prejudice to his filing a habeas corpus petition in the district of confinement.[4]

_____

[3] It may also be more appropriately brought as a civil rights action against prison officials challenging the conditions of his confinement.

[4] Wynn must exhaust his administrative remedies (by waiting for the BOP to respond to his various requests for relief and then appealing any adverse decisions to the highest level) before proceeding to file a habeas corpus petition in the Northern District of Ohio.

We will vacate the order of the District Court denying Wynn's "Motion to Defer or Vacate Fine/Assessment While In Prison," and remand for further proceedings consistent with this opinion.