In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 16-1307

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JUSTIN WYKOFF,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 14 CR 105 — **Tanya Walton Pratt**, *Judge*.

_____

SUBMITTED SEPTEMBER 7, 2016 — DECIDED OCTOBER 6, 2016

_____

Before WOOD, *Chief Judge*, and POSNER and EASTERBROOK, *Circuit Judges*.

POSNER, *Circuit Judge*. Justin Wykoff pleaded guilty to wire-fraud charges growing out of his having solicited bribes and kickbacks while a Bloomington, Indiana, official. The district judge sentenced him to 55 months in prison and to pay restitution of $446,335 to Bloomington and a $1,100 assessment, with both payments "to begin immediately."

The judge added what she called a "special instruction": "Any unpaid restitution balance during the term of supervision [i.e., the period following release from prison when the defendant would be subject to the conditions of supervised release imposed by the judge at sentencing] shall be paid at a rate of not less than 10% of the defendant's gross monthly income."

Soon after the entry of judgment, the government applied to the judge for a writ of garnishment pursuant to 28 U.S.C. § 3205(b)(1). The judge issued the writ to the Indiana pension system because it had an account in Wykoff's name (for remember that he'd been an Indiana official) worth $47,937. Wykoff requested a hearing under 28 U.S.C. § 3202(d) to determine whether any of the money in the account was exempt. In addition he opposed garnishment on the ground that he had already forfeited two of his homes and the government had seized money from his prison account, and although these assets were not enough to pay all the restitution he owed he argued that the balance should be deferred to his release. He based the argument on the judge's "special instruction," which he interpreted as limiting his restitution payments to 10 percent of his monthly income. But the instruction doesn't say that; it says that 10 percent is the *minimum* amount he must pay to complete restitution. *United States v. Fariduddin*, 469 F.3d 1111, 1113 (7th Cir. 2006).

In fact he has no legal leg to stand on. The federal criminal code *requires* that restitution be paid immediately unless the district court provides otherwise, 18 U.S.C. § 3572(d)(1), which it did not. In *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008), we pointed out that at the start of incarcera-

tion "any existing assets should be seized promptly. If the restitution debt exceeds a felon's wealth, then the Mandatory Victim Restitution Act of 1996, 18 U.S.C. §§ 3663A, 3664, demands that this wealth be handed over immediately." This is an important rule—for who knows what might happen to Wykoff's assets during his years of imprisonment. He or members of his family or for that matter the Indiana state pension fund might decide that there are better things to do with those not inconsiderable assets than give them to Bloomington.

In short, his claim is groundless, and so the district court's judgment is

AFFIRMED.