PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1308

_____

UNITED STATES OF AMERICA

v.

KABONI SAVAGE, ALSO KNOWN AS YUSEF BILLA,
ALSO KNOWN AS JOSEPH AMILL, AGENT BONNIE,
BON, B,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-04-cr-00269-001)
District Judge: Honorable Mark A. Kearney

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2019

Before: SHWARTZ, FUENTES, and FISHER, *Circuit
Judges*

(Opinion filed:  March 31, 2020)

Barry J. Fisher
Office of the Federal Public Defender
39 North Pearl Street
5th Floor
Albany, NY 12207

Avram D. Frey
Weir & Partners LLP
215 Fries Mill Road
Turnersville, NJ 08012


                      Counsel for Appellant

William M. McSwain
Robert A. Zauzmer
David E. Troyer
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106


                      Counsel for Appellee

_____

OPINION

_____


FUENTES, *Circuit Judge*

2

Appellant, Kaboni Savage, was convicted of drug offenses, money laundering, and witness tampering in 2005. For those crimes, he was sentenced to 30 years' imprisonment, a special assessment of $1,400, and a fine of $5,000. The fine has been periodically collected from Savage's prison trust account by the Federal Bureau of Prisons under the Inmate Financial Responsibility Program. Pursuant to 18 U.S.C. § 3572(d)(3), Savage asked the District Court to modify his judgment and provide that installment payments be made directly to the court on a fixed schedule, based on a material change in his economic circumstances. The issue before us is whether the District Court properly denied Savage's motion to modify his fine payment schedule for a lack of jurisdiction under § 3572(d)(3). For the reasons that follow, we conclude that the District Court properly denied Savage's request based on a lack of jurisdiction.

## I.

At Savage's sentencing hearing for his 2005 convictions, the sentencing judge stated that the $5,000 fine was "due immediately," but "recommended" that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program.[1]    Under the Inmate Financial

---

[1] A64-65. Although the written Judgment states "[f]ine is to be paid through the federal Bureau of Prisons' Inmate Financial Responsibility Program due during imprisonment," A31, the sentencing transcript clarifies that the judge specifically ordered the fine "due immediately" and merely "recommended" participation in the Inmate Financial Responsibility Program, A64-65. *See United States v. Faulks*, 201 F.3d 208, 211 (3d Cir. 2000) ("A long line of cases

Responsibility Program, the Bureau periodically takes money from an inmate's prison trust account for the payment of fines, restitution, or other financial obligations, and forwards it to the Court on the inmate's behalf. Additionally, the Court stated "[i]n the event the fine is not paid prior to the commencement of [supervised release], the defendant shall satisfy the amount due in monthly installments of not less than $100 . . . ."[2]

Savage's probation officer advised that Savage would be able to contribute half of his monthly prison work earnings toward any fine that might be imposed. However, after Savage's sentencing, his conditions of confinement changed. Specifically, after Savage was charged with directing several killings from the Federal Detention Center of Philadelphia, he was transferred to a federal super-maximum-security prison in Florence, Colorado.[3]  At the maximum-security prison, Savage is not permitted to work and earn money. Thus, Savage claims that the restrictions placed on him in the maximum-security prison have created obstacles to his ability to pay his fine and purchase stamps and supplies needed to correspond with counsel in his ongoing capital appeal.

In connection with his claims, Savage filed a motion in the District Court to modify the payment schedule of his $5,000 fine, pursuant to 18 U.S.C. § 3572(d)(3).  Section 3572(d)(3) provides that a court can modify a judgment which "permits payments in installments" based on a "material

---

provides that when the two sentences are in conflict, the oral pronouncement prevails over the written judgment.").

[2] A65.

[3] Savage was convicted of these murders, among other crimes, in a separate case in 2013.  As a result of that conviction, Savage was sentenced to death on 13 capital counts.  The case is currently on direct appeal before this Court (No. 14-9003).

4

change in the defendant's economic circumstances." The District Court denied Savage's motion, concluding that it lacked jurisdiction to modify the Bureau of Prisons' payment schedule because the fine was "due immediately" and "no court-ordered payment schedule currently governs [Savage's] payment of his criminal fine."[4]  Therefore, the District Court held that the sentencing judgment imposing the fine was not modifiable under § 3572(d)(3).

Savage subsequently filed a motion for reconsideration, which was also denied by the District Court.  However, the District Court relied on a different rationale in denying Savage's motion for reconsideration.  Specifically, the District Court put aside the question of whether Savage's sentencing order "permit[ted] payments in installments" and, instead, concluded that Savage's motion is beyond the scope of § 3572(d)(3) because challenges to the Inmate Financial Responsibility Program collection mechanism concern the execution of a sentence and, thus, are properly framed as habeas challenges under 28 U.S.C. § 2241.[5]  The issue of whether the District Court had jurisdiction to grant Savage's requested relief under § 3572(d)(3) is now before us on appeal.[6]

**II.**

---

[4] *See* A4.

[5] A6.

[6] The District Court had subject matter jurisdiction over Savage's prosecution pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and this appeal presents a pure question of law over which this Court exercises plenary review.  *T-Mobile Ne. LLC v. City of Wilmington*, 913 F.3d 311, 318 n.5 (3d Cir. 2019).

Savage argues that (A) Third Circuit case law supports his position that a judgment recommending the scheduling of payments through the Inmate Financial Responsibility Program is modifiable under § 3572(d)(3) as an order "permit[ting] payments in installments," and (B) the District Court mischaracterized his request when it ruled that he was challenging the Bureau of Prisons' collection mechanism, and thus, that his challenge must be brought as a habeas petition. We address each argument in turn.

**A.**

Section 3572(d)(3) states:

> A judgment for a fine *which permits payments in installments* shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.[7]

The critical question here is whether the District Court's sentencing order permitted payment in installments when it ordered the fine "due immediately" and recommended that the Bureau of Prisons collect the fine through its Inmate Financial Responsibility Program.

---

[7] 18 U.S.C. § 3572(d)(3) (emphasis added).

Savage cannot move for a modification of payment under § 3572(d)(3) because the sentencing court never permitted payment in installments. Instead, the court required immediate payment. The sentencing court stated that "[t]he fine is due immediately,"[8] and thus never "provide[d] for payment . . . in installments."[9] Section 3572(d)(3) by its plain language does not apply where the fine is due immediately. While the sentencing court "recommended" that Savage "participate in" the Inmate Financial Responsibility Program,[10] nothing in § 3572(d)'s language precludes the Bureau of Prisons under its Inmate Financial Responsibility Program regulations from setting a payment schedule to satisfy a fine that was due to be paid immediately. Accordingly, the sentencing court's recommendation that Savage participate in the Inmate Financial Responsibility Program did not transform his fine payable immediately into one subject to installments.[11] Put simply the Inmate Financial Responsibility Program provides a means to make good faith payments but is not an installment order.[12] As a result, § 3572(d)(3) does not apply to

---

[8] A64.

[9] 18 U.S.C. § 3572(d)(1).

[10] A64–65.

[11] *See United States v. Ellis*, 522 F.3d 737, 738 (7th Cir. 2008) ("If a fine is ordered payable immediately, 'immediate payment' does not mean 'immediate payment in full;' rather it means 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" (internal quotation marks and citation omitted)).

[12] *Id.* at 738–39 (concluding that "a payment schedule established by the [Bureau of Prisons] does *not* conflict with [a] sentencing court's immediate payment order" because "the court has no equivalent responsibility [to set a payment

Savage, and the District Court properly denied his motion brought pursuant to that section.

Moreover, although the sentencing judge in this case recommended that the Bureau of Prisons enroll Savage in the Inmate Financial Responsibility Program, she did not direct the Bureau to take such action or implicitly delegate any statutorily prescribed authority. Instead, she explicitly used her authority to order that Savage's fine be paid immediately. Furthermore, interpreting the sentencing order as one "permit[ing] payments in installments" under § 3572(d)(3) would not only go against the specific language used at sentencing, it would also mean that the sentencing judge failed to comply with § 3572(d)(2) by inappropriately delegating her authority to set a payment schedule.[13] For those reasons, Savage's argument that the

---

schedule] when it orders a fine payable immediately" (internal quotation marks and citation omitted)).

[13] *Compare United States v. Foote*, 413 F.3d 1240, 1253 (10th Cir. 2005) (holding that the district court erred in delegating the creation of a payment schedule to the probation office because "[w]hen a district court provides that a criminal fine be paid in installments, 18 U.S.C. § 3572 requires the court to specify the period of time over which the payments must be made"); *United States v. Workman*, 110 F.3d 915, 919 (2d Cir. 1997) (vacating a sentence requiring the Bureau of Prisons to fix a schedule for a defendant's fine payments because "§ 3572(d) does not allow courts to delegate the scheduling of installment payments for fines"); *United States v. Miller,* 77 F.3d 71, 77-78 (4th Cir. 1996) (holding that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer"). In each of these cases courts held that a sentencing court impermissibly delegated its authority where that court

8

sentencing order permitted "payments in installments" is unpersuasive.

Savage's reliance on *United States v. Wynn*[14] does not change the outcome. As a non-precedential opinion, *Wynn* does not bind our Court. In spite of that limitation, Savage points to dicta in *Wynn* stating that although a district court may have ordered a fine to be paid immediately, "an informal understanding that the [Bureau of Prisons] would set a payment schedule" could call into question whether the district court simply delegated setting a payment schedule, thus permitting payments in installments.[15] Notably, such a delegation is proscribed by § 3572(d)(2). That is not the issue that we decided in *Wynn*, however, and Savage's reliance on this case is misplaced.[16]

Because Savage's fine was ordered "due immediately," and no court-ordered payment schedule currently exists, we conclude that the District Court did not have jurisdiction over Savage's motion to modify under § 3572(d)(3).

---

ordered the defendant to pay the fine *in installments* and then delegated the task of establishing installment payment schedules to a probation officer or the Bureau of Prisons.

[14] 328 F. App'x 826 (3d Cir. 2009).

[15] *Id.* at 828.

[16] In *Wynn,* we determined that if Wynn's "true aim" in filing his motion was to object to "the manner in which the [Bureau of Prisons] is encouraging him to pay the money he owes" his complaint is beyond the scope of § 3572(d)(3) and would properly be framed as a habeas petition. 328 F. App'x at 829. On that basis, the case was remanded to the District Court without determining whether Wynn's sentence permitted payments in installments or constituted a delegation.

## B.

Next, Savage argues that the District Court mischaracterized his request when it ruled that he was challenging the method and means of collecting his fine and such a challenge must be brought under 28 U.S.C. § 2241 in the jurisdiction of his confinement.

Savage claims that he is not challenging the Bureau of Prisons' collection mechanism, but instead is asking the Court to remove the collection process from the Bureau of Prisons' control altogether. Specifically, Savage's motion asked the Court to modify the judgment by adjusting the payment schedule, from one delegated to the Bureau of Prisons to one set by the court, with fixed payments to be made directly to the court.

However, even if we were to accept Savage's argument that he is not challenging the Bureau of Prisons' collection mechanism, his sentencing judgment cannot be modified by the District Court under § 3572(d)(3) for the reasons discussed *supra* in Section II(A). As a result, the District Court lacks jurisdiction to grant Savage's motion to modify.

However, as discussed by the District Court, after exhausting his administrative remedies, Savage may object to the Bureau of Prisons' collection mechanism for his fine and seek an alternate payment schedule from the Bureau by filing a petition under 28 U.S.C. § 2241 in the district where he is incarcerated.

10

## III.

For the foregoing reasons, we will affirm the order of the District Court denying Savage's motion to modify the District Court's fine and schedule for fines.