**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff - Appellee*,

v.

LOGAN HARDEN PATRICK,

  *Defendant - Appellant*.

No. 24-2638

D.C. No.
4:23-cr-00206-
BLW-1

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted May 22, 2025[*]
Seattle, Washington

Filed September 15, 2025

Before: Ronald M. Gould, Richard C. Tallman, and
Morgan B. Christen, Circuit Judges.

Opinion by Judge Tallman

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Criminal Law

The panel affirmed the district court's order, in a criminal case, imposing a fine and special assessment due immediately while also creating a payment schedule.

Logan Harden Patrick argued that 18 U.S.C. § 3572(d)(1) only allows the district court to either impose these monetary penalties due in full immediately, or impose a payment schedule, but that doing both violates the statute.

Reviewing this question of pure statutory interpretation *de novo*, the panel held that the district court did not violate § 3572(d)(1). The district court properly made the fine and special assessment due immediately but allowed Patrick to discharge his obligations with minimal payments in recognition of his indigency. The district court's order comports with our case law interpreting § 3572(d)(1) in the restitution context and with the case law of our sister circuits in this context.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# COUNSEL

Christian S. Nafzger and William M. Humphries, Assistant United States Attorneys; Justin D. Whatcott, Acting United States Attorney; Joshua D. Hurwit, United States Attorney; Office of the United States Attorney, United States Department of Justice, Boise, Idaho; Blythe H. McLane, Special Assistant United States Attorney, Office of the United States Attorney, United States Department of Justice, Pocatello, Idaho; for Plaintiff-Appellee.

Hannah G. Pugh, Melissa D. Winberg, and Samuel Macomber, Assistant Federal Public Defenders; Federal Defender Services of Idaho, Boise, Idaho; Bryan Wheat, Trial Attorney, Federal Defenders of Eastern Washington and Idaho, Pocatello, Idaho; for Defendant-Appellant.

# OPINION

TALLMAN, Circuit Judge:

Defendant-Appellant Logan Harden Patrick pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.  He was sentenced to 151 months in prison, followed by three years of supervised release.  During the sentencing hearing, the district court ordered a fine of $1,000 and a special assessment of $100 "due immediately."  In recognition of his indigency, the court set up a monthly payment schedule for Patrick while he was incarcerated and on supervised release.  On appeal, Patrick does not contest the imposition of the fine or special assessment, totaling $1,100.  Rather, he argues that ordering the total due immediately while also creating a payment schedule violates 18 U.S.C. § 3572(d)(1), which allows the district court to either make the monetary penalties due immediately or create an installment schedule, but not both.

We hold that the district court did not violate 18 U.S.C. § 3572(d)(1).  The district court properly made the fine and special assessment due immediately but allowed Patrick to discharge his obligations with minimal payments in recognition of his indigency.  The district court's order comports with our case law interpreting 18 U.S.C. § 3572(d)(1) in the restitution context and with the case law of our sister circuits in this context.  We affirm.

# I

On July 25, 2023, Patrick was indicted on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C.

§ 2.  On April 11, 2024, Patrick pled guilty to these charges. That same day, he was sentenced to 151 months in prison, followed by three years of supervised release.  He was also ordered to pay a $100 special assessment and a $1,000 fine "due immediately."   The district court noted it was "cognizant" that "a fine may create undue stress" for Patrick given his financial situation, but it saw "no reason why Mr. Patrick [could not] participate in the [Bureau of Prisons] Inmate Financial Responsibility Program" (IFRP), and that by participating in the IFRP, "he should be able to discharge [his fine and special assessment] completely while incarcerated."

The district court ordered the following regarding the fine and special assessment:

> While in custody--I will order that those amounts be due immediately but will also in recognition of your financial resources, order payment under the following schedule unless modified by the Court: While in custody, you will submit nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons Inmate Financial Responsibility Program, and during the term of supervised release, you will submit nominal monthly payments of 10 percent of your gross income but not less than $50--$25 per month.  The foregoing--the payment schedule does not preclude the government from seeking collection under 18 U.S. Code Section 3613.

Patrick's counsel objected to these payments being due immediately as Patrick was "currently indigent." The district court responded,

> I thought the process was to make [the fine and special assessment] payable immediately but allow the defendant to discharge it through a payment schedule but that it was still necessary to order that it be due immediately so that it's a current obligation subject, though, to his ability to pay it in installments.

The district court continued that it was "going to stick with that" as it had been doing it this way "for a lot of years . . . in a lot of cases," but told Patrick that it would "check into" his objection to see if it was missing something. In handling this issue, the court mirrored the practice of innumerable judges in districts throughout our circuit based on the judgment and commitment orders we see on appeal. The district court nonetheless invited Patrick to appeal the issue in the meantime if he felt "strongly enough about it."

Following the sentencing hearing, the district court entered judgment against Patrick the same day. The judgment included the $1,000 fine and $100 assessment. The "Schedule of Payments" section of the judgment stated,

> B ☒ Payment to begin immediately (may be combined with . . . ☒ F below); . . .
> F ☒ Special instructions regarding the payment of criminal monetary penalties: While in custody, the defendant shall submit nominal payments of not less than $25 per

quarter pursuant to the Bureau of Prisons'
Inmate Financial Responsibility Program.
During the term of supervised release, the
defendant shall submit nominal monthly
payments of 10% of gross income, but not
less than $25 per month, unless further
modified by the Court.

On April 16, 2024, the Government sent Patrick a letter
stating that, "[t]he total owing on [his] criminal judgment as
of today, April 16, 2024, is $1,100.00." Mot. to Suppl. R. or
Take Judicial Notice 5, Dkt. No. 7.[1] The letter stated that its
purpose was to "demand that [Patrick] pay this amount
immediately" and that the Government would "record a
judgment lien unless the obligation [had] been paid in full."
*Id.*

Patrick accepted the district court's invitation and timely
appealed. On appeal, he raises only one issue: whether the
district court violated 18 U.S.C. § 3572(d)(1) by ordering the
fine and special assessment due immediately while also
imposing a payment schedule. He argues that 18 U.S.C.
§ 3572(d)(1) only allows the district court to either impose
these monetary penalties due in full immediately, or impose
a payment schedule, but that doing both violates the statute.
Patrick does not challenge the imposition of the fine or
special assessment, or their amounts; he only objects to the
district court's decision to impose them as both due
immediately and subject to a payment schedule. To remedy
the district court's alleged error, Patrick asks us to vacate his
fine and special assessment and remand for resentencing.

---

[1] We grant the Government's Motion to Take Judicial Notice of the
letter.

## II

The district court had jurisdiction in this case under 18 U.S.C. § 3231 as Patrick was charged with a federal criminal offense.  We have jurisdiction to review the final judgment and sentence imposed on Patrick under 28 U.S.C. § 1291.

## III

The parties dispute the proper standard of review to apply.  Patrick argues that we should apply a *de novo* standard of review because this case presents a question of statutory interpretation, namely whether imposing monetary penalties due immediately and outlining a payment plan for those monetary penalties where the defendant is impecunious violates 18 U.S.C. § 3572(d)(1).  *See United States v. Anderson*, 46 F.4th 1000, 1004 (9th Cir. 2022).

The Government agrees that we review questions of statutory interpretation *de novo*.  But it argues that the district court order imposing the monetary penalties was a payment schedule, so we should review the district court's decision for an abuse of discretion.  *See United States v. Inouye*, 821 F.3d 1152, 1156 (9th Cir. 2016) (per curiam), *as amended* (May 31, 2016).

We think the issue poses a question of pure statutory interpretation—whether the district court violated the terms of 18 U.S.C. § 3572(d)(1) by imposing a fine and special assessment due immediately while also providing Patrick with a payment schedule.  We review questions of statutory interpretation *de novo* and thus apply a *de novo* standard of review to Patrick's sole issue on appeal. *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 603 (9th Cir. 2021).

## IV

Patrick's argument is based on the text of the statute itself. The relevant statutory section, 18 U.S.C. § 3572(d)(1), provides as follows:

> A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.

Patrick argues that the statute uses disjunctive language that either allows the district court to impose a fine due in full immediately, a fine due in full on a certain date, or a fine due in payments on an installment schedule. He argues that the district court may choose one from these three options, but that imposing a combination of these options, as the district court did, violates the statute's disjunctive language. Because the district court made both Patrick's fine and special assessment due in full immediately and provided him with a payment schedule to pay off his monetary penalty while he was incarcerated and on supervised release, Patrick argues that the district court violated the disjunctive text of the statute, warranting remand.

The Government responds that establishing a payment schedule did not mean that the minimum payment amount was all that was due each payment period—the whole sum was due immediately, but due to Patrick's indigency, the

district court set forth minimum payment amounts for
Patrick to pay over time.  By doing this, "[t]he district court
recognized that Mr. Patrick must satisfy the entire balance if
able, and the government still may enforce the total
monetary penalties pursuant to 18 U.S.C. § 3613 if property
is available" and no other federal law prohibits it.  The
Government also points out that the district court's actions
and interpretation of the statute are in line with case law from
our sister circuits.  We agree with most, but not all, of the
Government's arguments.

Patrick focuses on the language "[a] person sentenced to
pay a fine or other monetary penalty . . . *shall make such
payment immediately*, *unless*, in the interest of justice*, the
court provides for payment* on a date certain or *in
installments*."  *Id.* (emphasis added).  Patrick is correct that
we have not previously interpreted this language in the
context of criminal fines or special assessments.  However,
we recently interpreted this statutory section in the context
of a restitution order in *United States v. Myers*, 136 F.4th 917
(9th Cir. 2025).

In *Myers*, we evaluated whether the Government's
attempt to collect a total restitution amount contravened a
restitution order that required payment of the restitution
award to begin immediately but also indicated minimum
monthly payment amounts while Myers was incarcerated.
*Id.* at 927.  We held it did not.  *Id.* at 928.  Myers was ordered
to pay $40,406 in restitution "immediately" and to pay "not
less than 25% of his monthly gross earnings" as payment
towards this restitution amount while he was incarcerated.
*Id.* at 920.   On appeal, Myers argued "that while the
restitution order require[d] him to begin making payments
immediately, it [did] not make the entire restitution amount
due immediately" because it provided for monthly payments

of not less than 25% of Myers's monthly gross earnings, making only the monthly payment amount due and collectable each month. *Id.* at 927. We rejected this argument because the federal criminal code requires restitution to be paid immediately unless the district court orders otherwise and the district court in *Myers* did not specify an installment plan pursuant to § 3572(d)(1). Rather, "[t]he order sets a floor on Myers's restitution payments: they 'shall not be *less than*' 25% of his monthly prison earnings." *Id.*

At sentencing, the court must announce in total whatever monetary penalties, fines, assessments, or restitution the court is ordering. How else can a payment schedule be formulated? By default, § 3572(d)(1) makes the fine and special assessment due immediately. Thus, the Bureau of Prisons knew what "financial obligation[s]" Patrick had and could help him "develop a financial plan" to pay this obligation through the IFRP. *See* 28 C.F.R. § 545.11 ("When an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation. . . . The financial plan developed . . . will include the following obligations, ordinarily to be paid in the priority order as listed: (1) Special Assessments . . . (3) Fines and court costs . . . ."). The district court also provided a payment schedule to help Patrick meet his current obligations—"not less than $25 per quarter" while imprisoned through the IFRP and 10% of his monthly gross income, but "not less than . . . $25 per month" while he was out on supervised release. The language of the district court order tracks the statute and declares that the entire monetary penalty was due immediately, but the payment schedule indicates the minimum amount Patrick needs to pay towards his current

obligation and guides his payments through the IFRP and while on supervised release.  *Id.*

This conclusion is supported by the district court's comments at the sentencing hearing.  At the sentencing hearing, the district court said it was "cognizant of [Patrick's counsel's] concern that a fine may create undue stress" for Patrick but was still ordering the fine due immediately as it "s[aw] no reason why Mr. Patrick [could] not participate in the Inmate Financial Responsibility Program, and if so, he should be able to discharge that completely while incarcerated."  But the district court also cited to 18 U.S.C. § 3613(c), which states that a criminal fine "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax."  The district court's citation of 18 U.S.C. § 3613 during the sentencing hearing further demonstrates that the district court ordered the whole monetary penalty due immediately because it wished the entire amount to function as a lien on Patrick's property, while recognizing that Patrick did not have the financial resources to pay the monetary penalties in a lump sum.

While we have not specifically evaluated the implications of 18 U.S.C. § 3572(d)(1) in the context of criminal fines and special assessments, some of our sister circuits have, and their analyses and conclusions support our affirmance.  In *United States v. Ellis*, the district court ordered Ellis to pay a fine and special assessment "due immediately."  522 F.3d 737, 737–38 (7th Cir. 2008).  The district court continued, "[p]ayments are due immediately, . . . but may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program."  *Id.* at 738.  It then set out a payment schedule for any financial penalties that remained unpaid during Ellis's

period of supervised release. *Id.* The Seventh Circuit concluded that allowing Ellis to discharge the fine and special assessment through the IFRP did not conflict with the district court's "immediate payment order." *Id.* at 738–39 (citation modified). This is because "if a fine is ordered payable immediately, immediate payment does not mean immediate payment in full; rather it means payment to the extent that the defendant can make it in good faith, beginning immediately." *Id.* at 738 (citation modified).

Similarly, in *Matheny v. Morrison*, the Eighth Circuit found that it was within the Bureau of Prisons' discretion to place the defendants on an IFRP payment plan where both defendants received criminal fines that were "due in full immediately." 307 F.3d 709, 712 (8th Cir. 2002) (citation modified). This is because "[t]he immediate payment directive is generally interpreted to require 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" *Id.* (quoting *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999)).

The rationale our sister circuits applied in *Ellis* and *Matheny* is directly applicable here. As in these cases, the district court ordered Patrick's fine and special assessment due immediately, then went on to set minimum payment amounts for Patrick—$25 a quarter while he was incarcerated, and 10% of his gross income, not to be less than $25 a month, while he was on supervised release. The district court's order follows the template upheld by the Seventh and Eighth Circuits—when the court entered judgment at sentencing, Patrick's total monetary penalties were due immediately, but the court expressly permitted him to participate in the IFRP to discharge his penalties over time due to his indigency.

As the Government points out, in *United States v. Holden* we found it inconsistent for the district court to order restitution payment in a single lump sum while also creating a payment schedule. 908 F.3d 395, 404–05 (9th Cir. 2018). This is because "requiring a single lump-sum payment of immediate restitution in full and setting a payment schedule are mutually exclusive orders." *Id.* at 404. However, Patrick's situation is distinct from *Holden*; here, the district court did not order the payment to be made in a single lump sum. *See id.* Rather, the district court recognized that Patrick's indigency prevented him from making payment of the total he owed and thus set up a schedule of minimum payments towards the total amount which was due immediately. *See Matheny*, 307 F.3d at 712 ("The immediate payment directive is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately." (citation modified)). This further supports our conclusion that the district court did not act inconsistently or violate the statute when it ordered the fine and special assessment due immediately while at the same time creating a payment schedule and allowing Patrick to participate in the IFRP.

Patrick offers two cases from our sister circuits that he argues support his view that the district court violated 18 U.S.C. § 3572(d)(1): *United States v. Savage*, 954 F.3d 610 (3d Cir. 2020), and *United States v. Ellis*, 522 F.3d 737 (7th Cir. 2008), the case we discuss above. However, neither case supports his argument. In *Savage*, the district court imposed a fine that was due immediately and merely

recommended that Savage work with the IFRP to satisfy it. As the Third Circuit explained:

> nothing in § 3572(d)'s language precludes the Bureau of Prisons under its Inmate Financial Responsibility Program regulations from setting a payment schedule to satisfy a fine that was due to be paid immediately. Accordingly, the sentencing court's *recommendation* that Savage participate in the Inmate Financial Responsibility Program did not transform his fine payable immediately into one subject to installments. Put simply the Inmate Financial Responsibility Program provides a means to make good faith payments but is not an installment order.

954 F.3d at 613 (emphasis added). Rather than help Patrick's case, *Savage*'s holding and rationale cut against it by making clear that the court could have, but did not, enter a total fine amount and simultaneously specify that the defendant would be allowed to pay off the obligation in installments.

Similarly, *Ellis*, which we discuss above, does not support Patrick's argument. Patrick highlights *Ellis* because in it the Seventh Circuit stated that the district court "has the option of making a fine payable immediately or in installments." 522 F.3d at 738. However, Patrick ignores that the *Ellis* court went on to uphold the district court order making the fine and special assessment due immediately but allowing Ellis to pay his fines through the IFRP, just like the district court ordered Patrick to do. *Id.* at 738–39.

Patrick also overlooks the possibility that he might receive a windfall, such as an inheritance, civil case settlement, or a gift while the outstanding debt remained unpaid. It would make no sense to preclude garnishment of the balance owing should his economic circumstances change for the better. Indeed, Congress specified in § 3572(d)(3) that judgments that permit payments in installments shall require defendants to notify the court of any material change in circumstances that might affect the defendant's ability to pay the judgment. Upon receipt of such notification, the court may adjust a payment schedule to require immediate payment in full. *See* § 3572(d)(3). Moreover, if a person obligated to pay a fine "receives substantial resources from any source . . . during a period of incarceration," he "shall be required to apply the value of such resources to any . . . fine still owed." 18 U.S.C. § 3664(n).[2] Congress also provided in 18 U.S.C. § 3613 that

---

[2] We agree with the Government that the full amount imposed became due upon entry of judgment, but the Government overstates its ability to unilaterally change the amount of each installment payment. The Government suggests that, even though the court allowed payment in installments, "Mr. Patrick must satisfy the entire balance if able, and the government still may enforce the total monetary penalties pursuant to 18 U.S.C. § 3613 if property is available." Under the Government's view, Patrick would receive no benefit from the installment plan. But here, the district court clearly intended that the Government would not execute on the full amount of the judgment if Patrick is in compliance with the installment plan. If Patrick receives a windfall or accumulates substantial resources while incarcerated, § 3572(d)(3) allows the Government to seek immediate payment in full by filing a motion to modify the payment schedule. Such a motion provides the opportunity for the court to consider the priority of other liens. *See United States v. Rand*, 924 F.3d 140, 143–44 (5th Cir. 2019) (describing motion practice to collect restitution from prisoner trust account); *see also United States v. Lemoine*, 546 F.3d 1042, 1046–51 (9th Cir. 2008) (discussing

the United States may avail itself of all statutory remedies to collect debts owed to the Government when collecting criminal fines, assessments, penalties, and restitution.

So, while Patrick's textual argument may appear to have support in the language of 18 U.S.C. § 3572(d)(1) itself, we agree with the rationale of our case law, and the interpretations of our sister circuits, that the district court did not violate the statute by making the monetary penalty due immediately, but allowing Patrick to discharge the penalty through a payment plan.

**AFFIRMED.**

---

authority of Bureau of Prisons to create evolving financial plans for inmates depending on their circumstances).